THE FARMERS' LOAN AND TRUST COMPANY, Appellant, *v.* THE BANKERS AND MERCHANTS' TELEGRAPH COMPANY et al.,. THE UNITED LINES TELEGRAPH COMPANY, Respondent.

Where a motion for leave to file a supplemental answer was granted, with $10 costs to one of the defendants, which costs were received by said defendant, *held*, that, as the imposition of costs was not conditional but absolute, such acceptance was not a waiver of the right to appeal from the rest of the order

*Radway* v. *Graham* (4 Abb. Pr. 468); *Marvin* v *Marvin* (11 Abb. [N. S.] 97); *Platz* v. *City of Cohoes* (8 Abb. N. C. 392) distinguished.

An order allowing or refusing leave to serve a supplemental complaint is within the discretion of the Supreme Court, and the final exercise of that discretion by the General Term is not reviewable here.

(Argued April 10, 1888; decided April 24, 1888.)

APPEAL from a portion of the order of the General Term of the Supreme Court in the first judicial department, made January 3, 1888, denying a motion to dismiss an appeal from an order of Special Term granting a motion by plaintiff for leave to file a supplemental complaint herein, " with $10 costs of motion to the United Lines Telegraph Company, defendant." Also, appeal from order of said General Term made January 23, 1888, which reversed said order of Special Term.

The facts, so far as material, are stated in the opinion.

*Herbert B. Turner* for appellant. As the court below did not deny the motion in the exercise of discretion, but held that the plaintiff had no right to the relief, an appeal lies to this court. (Code, § 544 ; *Medbury* v. *Swan*, 46 N. Y. 200 ; *Holyoke* v. *Adams*, 50 id. 233 ; *Gambling* v. *Haight*, 58 id. 623 ; *Spears* v. *Mayor, etc.*, 72 id. 442 ; *Fleischmann* v. *Bennett*, 79 id. 579.) The imposition of costs as a condition of granting a motion is such a benefit that the acceptance of the same and subsequent action of the parties, based upon the order, waives the right to appeal from the order. (*Tausig* v. *Hart*, 33 Super. Ct. 159 ; *Radway* v. *Graham*, 4 Abb. Pr. 468 ; *Lewis* v. *Irving Fire Ins. Co.*, 15 id. 140, note ; *Lyston*

v. *Jewett*, 19 id. 320 ; *Marvin* v. *Marvin*, 11 id. 97 ; *Platz* v. *City of Cohoes*, 8 Abb. N. C. 392 ; *Carll* v. *Oakley*, 97 N. Y. 633.)

*Robert H. Griffin* for respondent.    The costs of the motion were awarded unconditionally, and by accepting them the defendant did not waive its right of appeal. (*In re Water Commissioner of Amsterdam*, 36 Hun, 534 ; 4 Wait's Pr. 216 ; Baylies on Trials and Appeals, 20.)    The answer set up as a special defense the appeal taken by the defendant from the order of November seventh, and by so answering the defendant did not waive the right of appeal. (*McNamara* v. *Canada S. S. Co.*, 11 Daly, 297.)    The order was discretionary and is not appealable to this court. (*Spears* v. *Mayor, etc.*, 72 N. Y. 442 ; *Fleischmann* v. *Bennett*, 79 id. 579, 582 ; *Angell* v. *Lawton*, 76 id. 540, 543 ; *Holyoke* v. *Adams*, 59 id. 233 ; *N. Y. Ice Co.* v. *N. W. Ins. Co.*, 23 id. 357, 362.)

DANFORTH, J.    Upon motion on notice at Special Term, the plaintiff obtained leave " to file and serve a supplemental complaint    *   *   *    with ten dollars costs of motion to the United Lines Telegraph Company."    The defendant received the costs, and on the 5th of December, 1887, appealed to the General Term from the rest of the order.    On the 29th of December, 1887, the plaintiff gave notice of a motion to dismiss that appeal upon the ground, so far as now insisted upon, that the right to appeal had been waived by accepting the costs so ordered to be paid.    On the 3d of January, 1888, the motion was denied, and on the 23d of January, 1888, the General Term reversed the order of the Special Term.    The plaintiff appeals to this court from the order denying its motion to dismiss and also from the order of reversal.

It is a sufficient answer to the first that the imposition of costs does not appear to have been conditional, but does appear to be absolute    Leave was granted to the plaintiff to serve a new pleading, and costs were granted to the defendant.    Had the plaintiff refused to avail itself of the permission to plead

anew, it would still have been liable to the defendant for the costs. of motion. They are given absolutely and are neither connected with nor dependent upon that portion of the order which was appealed from. A review could be had of that part without affecting the rest. It was not so in the cases cited by the learned counsel for the plaintiff. In those relief was granted upon condition, as in *Radway* v. *Graham* (4 Abb. Pr. 468), an answer was allowed upon payment of certain costs. In *Marvin* v. *Marvin* (11 Abb. [N. S.], 97. 99), a decree was modified upon condition. In *Platz* v. *City of Cohoes* (8 Abb. N. C. 392, 397), a new trial was granted upon terms which were complied with and accepted by the party benefited. In all these and others that are cited, it was held that one receiving the benefit of an order waives the right to appeal, but in the case at bar the ·defendant only received what belonged to it and to which its right was perfect, whether the plaintiff availed itself of the leave given by the order or not. He was at liberty, therefore, to contest the part giving that leave. (*In re Water Comrs. of Amsterdam*, 36 Hun, 534.) I think there is no ambiguity in the order in this respect, but if there were, its construction by the court making it should be conclusive.

As to the other appeal, it is well settled that an order allowing or refusing leave to serve a supplemental complaint is a matter within the discretion of the Supreme Court, as that discretion may finally be exercised by the General Term, and it is not the subject of review in this court. (*Fleischmann* v. *Bennett*, 79 N. Y., 579.) The learned counsel argues that the action of the General Term was not had in the exercise of its discretion. That, however, does not appear. The order, to which alone we look, is one of reversal merely, and indicates no doubt on the part of the court as to its power or any misconception in its exercise. It is, therefore, unnecessary to inquire whether in any view a case was made for a supplemental complaint, for, whatever our conclusion might be,· we could not review the decision of the court below in that respect.

Both appeals should, therefore, be dismissed, and as there are two records, with costs of each appeal.

All concur.

Appeals dismissed