MYRA L. WOOD, as Executrix, etc., of HORACE G. WOOD, Deceased, Appellant, *v.* JOSEPH B. RICHARDSON and Others, Respondents.

*Appeal — acceptance of costs given conditionally by an order constitutes a waiver of the right to appeal therefrom.*

One who receives the benefit of an order waives the right to appeal therefrom.

Certain of the next of kin of a decedent having petitioned the court, in an action brought against his executors, for leave to intervene in the action, an order was granted allowing them to serve answers within twenty days from the date of the service and entry of the order, and providing that the petitioners should pay to the plaintiff or her attorneys ten dollars costs of the motion, on or before the service of said answers. The petitioners served their answers, and paid the costs provided to be paid by the order, which the plaintiff accepted, and thereafter appealed from such order.

Upon a motion made by the petitioners to dismiss the appeal,

*Held,* that the award of costs was conditional and not absolute; that the plaintiff having accepted and retained the costs could not appeal from the order, and that the motion to dismiss the appeal should be granted.

Motion by the respondents, Joseph B. Richardson and others, to dismiss an appeal pending before the General Term of the Supreme Court for the second judicial department.

*John McDonald*, for the motion.

*E. B. Merritt*, opposed.

Brown, P. J.:

This action was commenced by the appellant against Emma Richardson and William T. Washburn, respectively executrix and executor of the last will and testament of Benjamin Richardson, deceased.

On the 8th day of October, 1895, upon the petition of Joseph B. Richardson and five other persons, being the next of kin of said Benjamin Richardson, deceased, an order was made at the Special Term allowing said petitioners to intervene in the action, and to serve answers to the complaint within twenty days from the entry and service of the order. The order provided that in case said answers were not served plaintiff was to be allowed to enter judgment against the executors without further notice, and in case such answers were served plaintiff was stayed from entering judgment against said executors until the termination of the trial of the action. The final provision of the order was as follows: "It is further ordered that the petitioners pay to the plaintiff or her attorney $10.00 costs of this motion on or before the service of the answers to the complaint herein." Within the time specified in the order the petitioners served their answers on the plaintiff's attorney and paid to him the costs, which were accepted and have been retained by him.

Thereafter the plaintiff appealed from the order and the respondents have moved upon the foregoing facts to dismiss the appeal.

We are of the opinion that the award of costs was conditional and not absolute. They were to be paid on or before the service of the answers. If the answers were not served the respondents were under no obligation to pay them, and in the absence of the service of the answers payment could not have been enforced by the appellant.

The appellant having, therefore, accepted and retained the costs, cannot appeal from the order.

One who receives the benefit of an order waives the right to appeal. (*Radway* v. *Graham*, 4 Abb. Pr. 468; *Lewis* v. *Irving Fire Ins. Co.*, 15 Abb. Pr. 140 [note].)

The case before us differs from that of *The Farmers' Loan & Trust Company* v. *Bankers & Merchants' Telegraph Company* (109 N. Y. 342), in that, in that case the award of costs was absolute and the appellant's right to them was perfect.

The motion must be granted, with ten dollars costs.

PRATT and DYKMAN, JJ., concurred.

Motion to dismiss appeal granted, with ten dollars costs.