EDNA B. HODGES ET AL. v. R. E. SMITH.

Decided February 24, 1904.

**Guardian—Settlement of Judgment—Estoppel.**

A receipt given by a newly appointed guardian to the retiring guardian, acknowledging the payment of a judgment recovered against the former guardian, where the suit awarding such judgment is pending on appeal, will not estop the appellants to prosecute the appeal where the appellee confessed his indebtedness in the amount of the judgment, the only question being whether he is indebted in a larger sum. Dunham v. Randall, 11 Texas Civ. App., 265, and Twombly v. Railway Co., 31 S. W. Rep., 81, distinguished.

Appeal from the District Court of Grayson. Tried below before Hon. Rice Maxey.

*Chas. Crenshaw, J. R. Jamison,* and *Wilkins, Vinson & Moore,* for appellants.

*Head & Dillard* and *Randell & Wood,* for appellee.

FLY, ASSOCIATE JUSTICE.—Appellee was the guardian of the estate of Edna Banks Hodges, Frank H. Hodges, Mamie Lou Hodges, and Bessie Reese Hodges, and on November 21, 1901, filed his final report as follows: "This guardian says he has had all of said money out at interest nearly all the while. This guardian has not been able to place said money at interest, and at the same time save himself from liability in case of loss of said money, but this guardian has been able to put this money out at interest upon security that he considered good, and besides this guardian intended to be liable and was liable in the event of loss, and this guardian has been able to earn on said money interest at the rate of 8 per cent safe to said minors by being individually liable. This guardian, after setting aside each year an amount sufficient to defray the expenses for that year, has kept the remainder of said money at interest as above stated, and, as above shown and stated, this guardian has collected for said minors interest at the rate of 8 per cent per annum, annually, and this guardian accounts for said interest to said minors annually. This guardian could not have kept all of said money at interest unless he had been liable himself; that is to say, unless he had been security for same. From the foregoing it will be seen that this guardian has collected and received for said minors—

"The total sum of ................................$13,728.33
"Expended the total sum of ........................ 11,873.11

"Leaving a balance on hand without interest..............$1,855.22
"Interest earned ....................................... 5,835.96

"$7,691.18"

In connection with the report he tendered his resignation of the guardianship and asked for the appointment of another guardian.

The wards of appellee filed the following exceptions to the final report: "That the said Smith as such guardian did not loan the money in his hands as such guardian from year to year at 8 per cent per annum, as alleged and sworn to in his final report, but that in fact he never loaned but a small portion of the money belonging to his wards in his hands, as shown by his report heretofore filed, which was loaned at 10 per cent per annum and secured by mortgages on land and notes as collateral; that said Smith used the remainder of said money belonging to his-wards in his own private business and for his own private use and benefit; that he had made no effort to loan said money; that during the whole time said money was in his possession he received the benefit of the .use of the same, amounting to as much as 10 per cent interest per annum; that he could have loaned all of said money during the entire time same was in his possession at 10 per cent interest per annum; and attached to said exception said Edna B. Hodges, Frank H., Mamie Lou and Bessie Reese Hodges exhibited a restatement of said Smith's account applicable to the money that came into his hands as such guardian, in which he was given credit for all disbursements made, including commissions, as shown by his said annual report, and was charged with compound interest at the rate of 10 per cent per annum, which exhibit showed him to be indebted in money to his said wards on January 2, 1902, in the sum of $12,372.91."

On June 4, 1902, appellee filed a supplemental report showing a disbursement of $925 after the original report was filed and the court after deducting $60 from the credits asked by appellee, overruled the exceptions and decreed him to be indebted to his wards in the sum of $6825.86. From that judgment the wards appealed to the district court. Edna B. Hodges having reached the age of 21 years on June 4, 1902, applied to be appointed guardian of the estate of the other appellants, and she was appointed and qualified. She then demanded of appellee the amount that was shown to be due appellants by his final and supplemental reports, which had been approved by the court, and appellee having refused to pay the same, Edna B. Hodges for herself and as guardian applied to the county court, which ordered appellee to pay the same to her, and he complied with the order on June 5, 1902. The following receipt was given him by Edna B. Hodges: "Estate of Edna B. Hodges et al. No. 1045. Pending in the County Court of Grayson County, Texas. This is to certify that I have this day received of R. E. Smith, former guardian of the estates of Edna B. Hodges, Frank H. Hodges, Mamie Lou Hodges, Bessie Reese Hodges, the sum of six thousand eight hundred and twenty-five and 86-100 ($6825.86) dollars, together with all other property belonging to said estate, and acknowledged the same to be in satisfaction of the judgment entered in this cause on the 4th day of June, A. D. 1902, on the hearing of the final report (and exceptions thereto) of R. E. Smith, former guardian as aforesaid, and in compliance with the order of this court

made on this day in said cause upon motion of Edna B. Hodges et al., to require said R. E. Smith to pay over and deliver said money and property; and received from said Smith the sum of twenty-eight ($28) dollars in payment of all rents collected by said Smith from to wit, November 21, 1902, date of filing of said final report, up to present date, together with all costs of this motion filed on this day. As witness my hand for myself individually as well as present guardian of the estate of the above named minors this the 5th day of June, 1902. The foregoing allows interest at 8 per cent computed to date of said judgment. (Signed) ˙Edna B. Hodges, guardian of the estate of Frank H. Hodges, Mamie Lou ˙Hodges and Bessie Reese Hodges."

On June 6, 1902, appellee filed the receipt in the county court and asked that he and his sureties be finally discharged, and the court so ordered. Afterwards, on April 20, 1903, appellee filed a motion to dismiss the appeal of appellants on the ground that Edna B. Hodges, guardian of the minors, had voluntarily received the amount of the judgment of the county court in full satisfaction of the same, and appellants were therefore estopped from prosecuting the appeal; and that no exception had been taken nor notice of appeal given from the order of the county court discharging appellee and his sureties.

On April 25, 1903, appellants filed their petition for a writ of certiorari commanding the county clerk to make out a certified copy of all proceedings in the matter of the guardianship of appellants from the filing of the final report of the guardian, including the final discharge of appellee and his sureties, to the end that all errors might be revised and corrected. The petition was granted and the required bond was given and the transcript filed in the district court. The cause brought up by certiorari was consolidated with the cause brought up by appeal, and the judgment appealed from was rendered in the consolidated cause, and was one dismissing the suit of appellants.

Appellants answered: "That if said Smith as such guardian paid over to the said Edna B. Hodges, for herself and as guardian of said Frank F., Mamie Lou and Bessie Hodges, the money and property belonging to them, that it was done pursuant to an order of said county court, and that she required it to be done for the reason that under the law and the orders of said county court the money in the hands of said Smith would bear no interest, and that she desired to receive said money and loan the same out at interest so that it would be earning some income for herself and her said wards; that it was intended, and it was so understood by the said Smith, that it was not intended in receiving said money to waive the appeal taken in the case and now pending in said district court, and which was sought to be dismissed by said motion, nor was it intended to waive any demand that she had for herself and as such guardian against said Smith growing out of his said guardianship; that if said Smith paid to her the money in his hands belonging to his former wards in full satisfaction of the judgment of

said county court and took a receipt therefor in full satisfaction of said judgment, and afterwards filed said receipt in said county court, and that said court entered a judgment setting forth the fact that said Smith had fully paid off and satisfied said judgment as shown by said receipt, and finally discharged said Smith as such guardian, and his bondsmen, and that no exception to said order was taken by Edna B. Hodges for herself and for her said wards, and that no notice of appeal was given and no appeal attempted to be perfected from said order, and that said judgment was in full force and effect, valid and binding, then she charged that said receipt was filed in said county court without her knowledge or consent and without the knowledge or consent of her attorneys, and the order so discharging said Smith was made by the court without her knowledge or consent and without any notice to them that said receipt would be filed, and that said order would be asked, and that the fact of the filing of the receipt and making of said order came to her knowledge and the knowledge of her attorneys long after the term of the court at which said receipt was filed and said order was obtained, and further that an appeal had been taken from said final judgment and that said appeal was then pending in said district court."

It appears from the uncontroverted testimony that there was no intention to release appellee from the payment of the amount which he had confessed he owed the wards, but on the other hand it was clearly stated to appellee at the time the money was paid that the appeal would be prosecuted and that appellants would insist on the payment of the extra amount claimed by them. The receipt was intended to cover the amount about which there was no controversy and that alone, and had no reference whatever to the amount above that sum claimed by appellants.

The general rule is stated in 2 Enc. of Pl. and Prac., 174, in regard to the acceptance of payment of a judgment pending appeal, as follows: "It is a settled doctrine that where a party recovering a judgment or decree accepts the benefits thereof, voluntarily and knowing the facts, he is estopped to afterwards reverse the judgment or decree on error. The acceptance operates as and may be pleaded as a release of error." The above rule was applied in the case of Dunham v. Randall, 11 Texas Civ. App., 265, 32 S. W. Rep., 720, by the Court of Civil Appeals of the Second District. In that case there was a contest between creditors in regard to preferences in a deed of trust. The appellant was placed by the deed of trust and judgment in the second class, and appealed, and while his appeal was pending accepted the portion of the estate allotted to him. The court held that he had waived all errors by such acceptance. He was not claiming that he should as a second-class creditor receive more than was allotted to him, but that he was placed in the wrong class, and his acceptance of the amount allotted to

a second-class creditor carried with it necessarily an acceptance of the position assigned to him among the creditors.

The only other case in Texas directly in point is one decided by the same court, Twombly v Railway Co., 31 S. W. Rep., 81, in which the landowner after he had appealed from an award of commissioners appointed to condemn his land for a right of way accepted the money paid into court. Both parties filed objections to the award, one claiming that too little had been awarded, the other too much. The money was paid into court by the railway company and the work of construction was begun. Pending the proceedings the landowner obtained an order requiring the clerk to pay him the sum deposited by the railway company. The court held that the landowner was precluded by the acceptance of the money from further prosecution of the appeal. In that case both of the parties were dissatisfied with the award, and acceptance of the money implied an acquiescence in the award by the landowner and the railway company alone had the right to hold the case in court.

In neither of the cases cited had the party whose money was accepted admitted his indebtedness in any certain sum, but there was in each case a contest over the amount that was due, and an acceptance of the amount awarded was necessarily an expression of satisfaction with the award. In this case, however, as above stated, appellee had confessed that he was indebted to appellants in the sum which they accepted, he had urged no objections to the judgment of the county court, but was perfectly satisfied with it. The money was the property of the estate and no one desired to contest its right to it. The subject of contention was a different one from the money paid by appellee, and was not only severable, but in fact was severed from it by the confession of amount due by the guardian. Appellee could not in any possible manner have materially reduced the amount of the judgment of the county court, because it was virtually in full accord with what he had in his report admitted that he owed.

There is ample authority sustaining the position of this court, as a review of decisions of the Supreme Court of the United States and State courts will show.

In the case of Embry v. Palmer, 107 U. S., 3, R. J. Atkinson had obtained a judgment in the Supreme Court of the District of Columbia against J. W. Stanton. Afterwards suit was brought by appellant, the administrator of Atkinson's estate, on his judgment in a superior court of Connecticut, and the administrators of Stanton's estate filed a petition in the Connecticut court asking that appellant be perpetually enjoined from collecting the judgment. The trial court granted the injunction on condition that the administrators of Stanton should pay to Atkinson's administrator a certain sum considerably less than the amount of the judgment. From that judgment the writ of error was taken and pending its decision the plaintiff in error accepted the amount

of money that was adjudged against defendants in error. The Supreme Court said: "A suggestion is made in argument that the plaintiff in error is estopped to prosecute this writ to the reversal of the decree below, because it appears that the amount of money ordered by it to be paid to him as a condition of relief granted has been accepted by him. It is said that this is a release of errors. Without entering upon a discussion of the general question, it is sufficient for the present purpose to say that no waiver or release of errors, operating as a bar to the further prosecution of an appeal or writ of error, can be implied, except from conduct which is inconsistent with the claim of a right to reverse the judgment or decree which it is sought to bring into review. If the release is not expressed it can arise only upon the principle of an estoppel. The present is not such a case. The amount awarded, paid and accepted constitutes no part of what is in controversy. Its acceptance by the plaintiff in error can not be construed into an admission that the decree he seeks to reverse is not erroneous, nor does it take from the defendants in error anything, on the reversal of the decree, to which they would otherwise be entitled; for they can not deny that this sum, at least, is due and payable from them to the plaintiff in error." That decision has been reaffirmed in Reynes v. Dumont, 130 U. S., 394; Gilfillan v. McKee, 159 U. S., 312; Tyler v. Shea (N. Dak.), 61 N. W. Rep., 470; State v. Railway (Nev.), 26 Pac. Rep., 226; Beals v. Lewis (Ohio), 1 N. E. Rep., 643; Construction Co. v. O'Neil (Ore.), 32 Pac. Rep., 765; Morriss v. Garland, 78 Va., 234, and others. The decision in Embry v. Palmer seems to have escaped the attention of the courts of civil appeals in the case of Dunham v. Randall, and the case of Gilfillan v. McKee had not been decided at that time. It is intimated by the Texas court that if a decision of the Supreme Court, in point, had been found the court would have followed it.

In the case of Tyler v. Shea, above cited, it is said: "The rule is well settled that one can not accept or secure a benefit under a judgment, and then appeal from it, when the effect of his appeal may be to annul the judgment, unless his right to the benefit is absolute, and can not possibly be affected by the reversal of the judgment." The court cites a number of cases in support of its proposition and continues: "Where the reversal of the judgment can not possibly affect the appellant's right to the benefit he has secured under the judgment, then an appeal may be taken, and will be sustained, despite the fact the appellant has sought and secured such benefit."

In the case of Trust Co. v. Telegraph Co., 109 N. Y., 342, leave to file a supplemental answer was granted the plaintiff with $10 costs to one of the defendants and it was held that, as the imposition of costs was absolute, their acceptance by defendant did not waive his right to appeal from the rest of the order. The decisions of New York are uniform on this point.

There is nothing in this case that indicates that appellants would not

be entitled to all they got regardless of how the litigation may terminate. It is true that appellee had $60 stricken from· an amount he had charged his wards, but that was not done at the instance of appellants and must be presumed to have been done upon ample testimony. Appellee did not complain about it, but it seems to have met with his approval.   Appellee has not claimed that appellants received more than they were entitled to, nor that they would have to make restitution of any amount they may have received.   It is true that appellee objected to paying the amount of the judgment to Edna B. Hodges, but not because he desired to contest any part of the judgment.   With the amount he was perfectly satisfied, as was shown by his obtaining an order to discharge him and sureties and endeavoring to put it beyond his power to contest the·judgment.

The only subject of difference between appellants and·appellee was as to whether the latter should pay 8 per cent per annum on money belonging to his wards which he used or failed to lend, or should pay 10 per cent on such money.   That question was undisturbed by a receipt for the money which appellee admitted he owed, and no one's rights will be invaded or prejudiced thereby.   The judgment of the District Court is reversed and the cause remanded.

*Reversed and remanded.*

Writ of error refused.