Gary L. ROYE, Appellant,

v.

Deborah Thedford ROYE, Appellee.

No. 862.

Court of Civil Appeals of Texas, Tyler.

Dec. 11, 1975.

Ben E. Jarvis, Tyler, for appellant.

Ray G. Thurmond, Mike Hatchell, Ramey, Flock, Hutchins, Grainger & Jeffus, Tyler, for appellee.

MOORE, Justice.

This is an appeal from a divorce decree. Appellee, Deborah Thedford Roye, brought suit seeking divorce from appellant, Gary L. Roye. Appellant did not contest the divorce, and the parties stipulated that appellee be appointed managing conservator and agreed to the amount of child support. The only issues in dispute related to the division of property and attorney fees. The parties had incurred a substantial amount of debt and the court appointed a receiver to sell the parties' real and personal property in order to pay off the debts. After the property was sold and debts paid, the receiver deposited $10,962.48 with the court for it to divide between the parties. Trial was before the Court of Domestic Relations of Smith County, without a jury, and judgment was entered granting appellee a divorce. Under the decree, appellee was awarded a 1970 Buick Riviera automobile and all household furnishings in her possession in Longview, Texas. Appellant was awarded a 1970 Ford pick-up truck, household furnishings in his possession in Tyler, Texas, and all stock of the Craig Funeral Home, Inc., Tyler, Texas, standing in his name. Both parties were awarded one-half of the residue of the $10,962.48 fund, held by the court, following the payment of $5,000.00 attorney fees to appellee's attorney. Appellant has perfected this appeal and brings forth six points of error directed at the division of the property and the award of appellee's attorney fees.

At the outset we are met with appellee's motion to dismiss the appeal. By her motion, appellee asserts that appellant is estopped to question the judgment, because appellant, by accepting and retaining the benefits accruing to him under the judgment has waived his right of review. We think this contention must be sustained.

Appellee's motion, duly verified, sets out that after this appeal had been perfected, appellant requested the District Clerk of Smith County to pay over to him the total amount of the $10,962.48 fund held by the court to which appellant was entitled under the divorce decree. Pursuant to this request, the Clerk tendered and appellant accepted the sum of $2,946.49, representing appellant's one-half of the residue of the fund after deducting appellee's attorney fees. These facts as set out in appellee's motion have not been disputed by appellant. We must therefore proceed on the assumption that the facts as stated in the motion are true. *Bowling v. State*, 353 S.W.2d 893 (Tex.Civ.App., Amarillo 1962, no writ); *Latimer v. State*, 328 S.W.2d 242 (Tex.Civ. App., Beaumont 1959, writ ref'd n. r. e.).

In *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002, 1004 (1950), the Supreme Court said:

"A litigant cannot treat a judgment as both right and wrong, and if he has voluntarily accepted the benefits of a judgment, he cannot afterward prosecute an appeal therefrom. That is the general rule which appears to be universally recognized. It was announced by this court

·in the early case of *Matlow v. Cox*, 25 Tex. 578. The rule is based on the principle of estoppel. It, however, is subject to the exception that ' * * * where the reversal of a judgment cannot possibly affect an appellant's right to the benefit secured under a judgment, then an appeal may be taken, * * *.' 2 Am.Jur., Appeal and Error, Sec. 215. Numerous authorities, approaching the exception from a slightly different angle, define it, in effect, in this language: Where an appellant accepts only that which appellee concedes, or is bound to concede, to be due him under the judgment he is not estopped to prosecute an appeal which involves only his right to a further recovery. *Embry v. Palmer*, 107 U.S. 3, 2 S.Ct. 25, 27 L.Ed. 346; *Hodges v. Smith*, 34 Tex.Civ.App. 635, 79 S.W. 328, error dismissed; *Tyler v. Shea*, 4 N.D. 377, 61 N.W. 468, 50 Am.St.Rep. 660; *Bass v. Ring*, 210 Minn. 598, 299 N.W. 679, 169 A.L.R. 980.

"The exception is narrow. Whether or not this case falls within it must be determined from answers to these questions: Could a reversal of the portions of the judgment referred to in these two certified questions possibly affect appellant's right to the benefits secured by him under the judgment? And would appellee be compelled to concede upon another trial that appellant has the right to retain those benefits regardless of the outcome of the litigation?"

As we view the record, the facts of this case bring it within the rule rather than any of the exceptions. We cannot perceive that appellee would be compelled to concede upon another trial that appellant has the right to retain the Ford pick-up truck, the household furniture and the $2,946.49 which he has voluntarily withdrawn from the registry of the court. Further, it does not appear that appellant is entitled to the $2,946.49 and the other property in his possession as a matter of law.

It is well settled that the method of dividing the property of the divorcing parties under section 3.63 of the Texas Family Code is within the sound discretion of the court after taking all relevant property interests into consideration. *Hedtke v. Hedtke*, 112 Tex. 404, 248 S.W. 21 (1923); *In Re Marriage of Jackson*, 506 S.W.2d 261, 265 (Tex.Civ.App., Amarillo 1974, writ dism'd); *Womble v. Womble*, 502 S.W.2d 886, 888 (Tex.Civ.App., Fort Worth 1973, no writ). The statutory language directs the court to divide the property in a manner that the court deems just and right. Tex. Family Code Ann. sec. 3.63 (1974). Under this statutory directive, neither party is necessarily entitled to insist upon a certain amount of property, either community or separate, as a matter of right. *Mahrer v. Mahrer*, 510 S.W.2d 402, 404 (Tex.Civ.App., Dallas 1974, no writ); *Zaruba v. Zaruba*, 498 S.W.2d 695, 698 (Tex.Civ.App., Corpus Christi 1973, writ dism'd); *In Re Marriage of McCurdy*, 489 S.W.2d 712, 716, 717 (Tex. Civ.App., Amarillo 1973, writ dism'd). If the case was remanded appellee would not be compelled to concede that appellant is entitled to the $2,946.49, the Ford pickup truck and the household furnishings as a matter of right. Neither would appellant be entitled to that specific property as a matter of law. Upon a new trial the court would still be free to divide all the property as it deemed just, subject only to review for abuse of discretion. *McCurdy, supra*. Appellant might or might not receive the same property as he was awarded under this divorce decree. The fund from which appellant withdrew the $2,946.49 was created by the sale of property appellant maintains was his separate property as well as community property. Having accepted the fruits of the judgment we think that appellant is estopped to prosecute this appeal complaining of the court's division of the property. *Carle v. Carle, supra*; *Richards v. Richards*, 430 S.W.2d 18 (Tex.Civ.App., Tyler 1968, writ ref'd n. r. e.); *Nixon v. Nixon*, 348 S.W.2d 438 (Tex.Civ.App., Houston 1961, writ dism'd).

Accordingly, the appeal is dismissed.