**A. L. (Sonny) ROBERTS, Appellant,**

v.

**Edna ROBERTS, Appellee.**

**No. 826.**

Court of Civil Appeals of Texas, Tyler.

March 11, 1976.

Charles R. Holcomb, Rusk, for appellant.

William M. Holland, Norman, Hassell, Spiers, Holland & Thrall, Rusk, for appellee.

DUNAGAN, Chief Justice.

This suit involves the division of property upon a divorce. Appellant, A. L. Roberts, instituted this suit against appellee, Edna Roberts, who brought a cross-action for divorce, restoration of her former name and division of the property. The trial court, without a jury, granted the divorce and divided the property.

A. L. and Edna were married in 1961 when they were 26 and 48 years of age,

respectively. They lived on a 400-acre tract which belonged to Edna's separate estate. They conducted ranching operations upon this property until it was sold in 1966 for approximately $80,000. These funds were used to satisfy the indebtedness against the 400-acre tract and to purchase a 149.78-acre tract. A. L., a carpenter by trade, made improvements of a disputed value upon this property which had an undisputed value of $80,000 when the parties separated in 1973.

The trial court awarded the 149.78-acre tract "and all community interest in the improvements on such land" to Edna. A. L. contends that the trial court abused its discretion in awarding this tract to Edna although he does not otherwise attack the property division. He argues under various theories that the community owned an interest in this tract and concludes that the award thereof to Edna was unfair. We do not discuss the theories under which a community interest might have existed because, assuming the existence of that interest, we uphold the property division.

■ In a decree of divorce, the court shall order a division of the property in a manner that the court deems just and right, having due regard for the rights of each party. Tex.Family Code Ann. Section 3.63. This division need not be equal. *Bell v. Bell,* 513 S.W.2d 20, 22 (Tex.1974). The division should be corrected only when an abuse of discretion is shown. There is a presumption on appeal that the trial court correctly exercised its discretion. *Law v. Law,* 517 S.W.2d 379, 384 (Tex.Civ.App.—Austin 1974, writ dism'd); *Roye v. Roye,* 404 S.W.2d 92, 95 (Tex.Civ.App.—Tyler 1966, n. w. h.). Neither the husband nor the wife is entitled, as a matter of right, to their interest in the community estate. *Roye v. Roye,* 531 S.W.2d 242, 244 (Tex.Civ. App.—Tyler 1975, n. w. h.); *Mahrer v. Mahrer,* 510 S.W.2d 402, 404 (Tex.Civ.App. —Dallas 1974, n. w. h.). The trial court may consider the separate or community ownership of the property, but this is not the only factor determining the division. The court may also consider the size of the

estates, the age and physical condition of the parties and their relative abilities and need for future support. *Wilkerson v. Wilkerson,* 515 S.W.2d 52, 55 (Tex.Civ.App. —Tyler 1974, n. w. h.); *Roye v. Roye,* 404 S.W.2d 92, 96 (Tex.Civ.App.—Tyler 1966, n. w. h.).

■ Edna, at age 63, is more than 20 years older than A. L. The trial court may well have considered this age discrepancy in awarding the 149.78-acre tract to Edna. The property division as a whole appears just and right. We hold that there was no abuse of discretion.

Accordingly, the judgment of the trial court is affirmed.