**Raymond John SMITH, Appellant,**

v.

**Margaret Scott SMITH, Appellee.**

**No. 1151.**

Court of Civil Appeals of Texas, Tyler.

July 27, 1978.

Rehearing Denied Aug. 31, 1978.

Charles R. Holcomb, Cox & Holcomb, Rusk, for appellant.

Alan O. Johnson, Pye, Dobbs & Cobb, Tyler, for appellee.

McKAY, Justice.

This is a divorce case with the principal issue on this appeal being whether the trial court abused its discretion in dividing the community property between the parties. Appellee Margaret Scott Smith instituted suit on December 7, 1976 against her husband, appellant Raymond John Smith, seeking a divorce on grounds of insupportability, asking for custody of their three children and a division of the estate of the parties. Appellant answered and filed a cross-action seeking a divorce on grounds of insupportability, asking for custody of the children and a division of the estate of the parties. Trial was before the court without a jury. The trial court entered judgment dissolving the marriage, appointing appellee managing conservator of the daughter, appointing appellant managing conservator of the two sons, and dividing the estate of the parties. Appellant Raymond John Smith, being dissatisfied with the property division, duly perfected this appeal.

We affirm the judgment of the trial court.

The trial court did not file any findings of fact or conclusions of law. On the basis of the evidence adduced at trial, the trial court awarded appellant all personal property in his possession, including a 1976 Pontiac automobile and typewriter, and certain items in appellee's possession, consisting of hand tools, a set of World Book Encyclopedia, golf clubs, golf cart, two oil paintings, and one-half of the family pictures. Appellee was awarded all personal property in her possession (except that awarded to appellant), which included a 1973 Ford station wagon and 1970 Chevrolet automobile. Appellee was also awarded 193.519 acres of land located in Cherokee County. The court decreed that appellant would be responsible for any debts incurred as a result of acquiring the property awarded to him and all debts secured by any property awarded to him. Likewise, the court decreed that appellee would be responsible for any debts incurred as a result of acquiring, and secured by, any property awarded to her.

The parties were married on November 7, 1958. Three children were born to this marriage. At the time of trial the oldest was seventeen; the youngest was twelve. During the marriage appellee had worked as a PBX operator and assistant personnel manager. However at the time of trial she worked at an eating establishment in Rusk, Texas, for forty dollars a week. At the time of trial, appellant worked as a regional manager for an insurance company. While working for that same company, appellant estimated his salary to have been twenty-five thousand dollars in 1974, twenty-three or twenty-four thousand dollars in 1975, and twenty-eight or twenty-nine thousand dollars in 1976.

The evidence adduced at trial reveals that community funds of fifteen thousand dollars had been expended to purchase the tract of land in Cherokee County and that the remaining indebtedness against the land at the time of trial was either sixty-three thousand or sixty-five thousand dollars.

Appellant contends in his sole point of error that the trial court abused its discretion by awarding appellee a disproportionately large portion of the community estate.

 Sec. 3.63, Tex.Family Code Ann., requires the court, upon granting a divorce, to order a division of the estate of the parties in a manner that the court deems just and right. In ordering such division, the court may consider a variety of factors including health, capacities and abilities of the parties, disparity in earning powers and business experience, and the nature and potential of the property itself. *Hedtke v. Hedtke*, 112 Tex. 404, 248 S.W. 21 (1923); *Smoak v. Smoak*, 525 S.W.2d 888 (Tex.Civ. App.—Texarkana 1975, writ dism'd); *Becknell v. D'Angelo*, 506 S.W.2d 688 (Tex.Civ. App.—Fort Worth 1974, writ dism'd). The division need not be equal. *Bell v. Bell*, 513 S.W.2d 20, 22 (Tex.1974); *Roberts v. Roberts*, 535 S.W.2d 373 (Tex.Civ.App.—Tyler 1976, no writ). Neither spouse is entitled, as a matter of right, to their interest in the community property. *Roye v. Roye*, 531 S.W.2d 242, 244 (Tex.Civ.App.—Tyler 1976, no writ); *Mahrer v. Mahrer*, 510 S.W.2d 402, 404 (Tex.Civ.App.—Dallas 1974, no writ).

Upon appeal, there is a presumption that the trial court correctly exercised its discretion. *Roberts v. Roberts*, supra; *Law v. Law*, 517 S.W.2d 379, 384 (Tex.Civ.App.—Austin 1974, writ dism'd); *Roye v. Roye*, supra; *Cooper v. Cooper*, 513 S.W.2d 229 (Tex.Civ.App.—Houston [1st] 1974, no writ). The role of the Court of Civil Appeals in reviewing property divisions in a divorce action is to determine only if there is an abuse of discretion. *McKnight v. McKnight*, 543 S.W.2d 863 (Tex.1976); *Hooper v. Hooper*, 403 S.W.2d 215 (Tex.Civ. App.—Amarillo 1966, writ dism'd w.o.j.);

*Wilson v. Wilson*, 225 S.W.2d 236 (Tex.Civ. App.—Fort Worth 1949, no writ).

As we view the record, the trial court's division of community property could be based solely upon the difference in earning capacities of the parties as reflected in the statement of facts. In our opinion, appellant has failed to discharge his burden showing that the court's order dividing the property was manifestly unjust or unfair or that there is a flagrant abuse of discretion to such an extent that the order should be set aside. *Bokhoven v. Bokhoven*, 559 S.W.2d 142, 145 (Tex.Civ. App.—Tyler 1977, no writ); *Williams v. Williams*, 537 S.W.2d 107, 111 (Tex.Civ.App. —Tyler 1976, no writ). Appellant's point of error is overruled.

The judgment of the trial court is affirmed.