**Glen David T. VINKLAREK, Appellant,**

v.

**Ariana Fay VINKLAREK, Appellee.**

**No. 17590.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Jan. 31, 1980.

Rehearing Denied Feb. 28, 1980.

Sewell & Riggs, Claude Treece, Houston, for appellant.

Floyd W. Freed, III, Houston, for appellee.

Before COLEMAN, C. J., and DOYLE and WALLACE, JJ.

DOYLE, Justice.

Glen Vinklarek brings this appeal from a summary judgment denying his bill of review praying to set aside a divorce awarded to appellee, Ariana Vinklarek.

We reverse and remand.

On September 25, 1978, Ariana Vinklarek was awarded a divorce by default from Glen Vinklarek. The judgment of divorce recited that appellant, "although duly and properly cited, did not appear and wholly made default." By the divorce decree appellee was appointed managing conservator of the single child, and received the community home as her separate property along with all household furnishings and other personal property in her possession. Appellant was appointed possessory conservator of the child, ordered to pay $200.00 per month child support and received all the personal property in his possession.

Approximately two months after the divorce was granted appellant learned of the divorce through a friend and filed this bill of review on November 10, 1978. By his bill of review appellant prays that the divorce judgment be set aside, that he be appointed managing conservator of the child and that the court order a division of the property.

Subsequent to the filing of the bill of review, appellee married Frank Bolbecker in December 1978.

On June 29, 1979, before the adjudication of this suit, appellant also remarried. After appellant's marriage to Sandra Wells, appellee filed a motion for summary judgment. In her motion, appellee alleged that appellant's remarriage constituted an acceptance of the fruits and benefits of the

prior judgment and therefore appellant was estopped from prosecuting his bill of review. On September 24, 1979, the court granted appellee's motion for summary judgment and entered a take nothing judgment against appellant. The record on appeal includes the transcript, depositions, and briefs.

Appellant brings two points of error which are discussed jointly. These errors complain of the insufficiency of the grounds relied upon by appellee to support the summary judgment.

■ Appellant argues that pursuant to Rule 166–A, T.R.C.P., a motion for summary judgment must state the specific grounds therefor. The only ground stated in appellee's motion was that appellant is estopped from prosecuting his bill of review because of his subsequent remarriage and acceptance of the fruits and benefits of the divorce judgment. As appellee raises only this issue in her motion, this court is confined to reviewing only this issue. *Castillo v. American States Insurance Co.*, 550 S.W.2d 408 (Tex.Civ.App.—Dallas 1977, no writ).

We must determine whether appellee's pleadings, depositions and affidavits, offered in summary judgment proof of her grounds, establish as a matter of law that there is no genuine issue of fact as to the essential elements of her cause of action. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex.1970).

Appellant cites numerous cases for the proposition that a person who remarries after having been divorced may seek a review of other provisions contained in the divorce decree, although that person would be estopped from attacking that portion of the decree which dissolved the marriage. *Buckler v. Tate*, 572 S.W.2d 562 (Tex.Civ. App.—Houston [1st Dist.] 1978, no writ); *Ragsdale v. Ragsdale*, 520 S.W.2d 839 (Tex. Civ.App.—Fort Worth, 1975, no writ); *McFarland v. Reynolds*, 513 S.W.2d 620 (Tex.Civ.App.—Corpus Christi 1974, no writ); *Olson v. Olson*, 180 N.W.2d 427 (Iowa Sup.1970); *Brackin v. Brackin*, 182 So.2d 1 (Fla.Sup.1966).

■ Contrary to appellant's contention appellee points out that a judgment cannot be both right and wrong, and that appellant was incorrect in attacking the whole divorce judgment rather than pleading the alternative theories of setting aside the child custody and property provisions. *Roye v. Roye*, 531 S.W.2d 242 (Tex.Civ.App. —Tyler 1975, no writ); *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002 (Tex.1950). As a general rule a pleading not embodying alternative theories, which alleges facts material to a cause of action, some of which facts are inconsistent with other facts, to the extent that if one is true the other cannot be true, states no cause of action. *Michels v. Boruta*, 122 S.W.2d 216 (Tex.Civ. App.—Eastland 1938, no writ). While a judgment cannot be both right and wrong, an appellant may accept the benefits of a judgment and still appeal the judgment, as explained by the Texas Supreme Court in *Carle v. Carle*, supra:

> A litigant cannot treat a judgment as both right and wrong, and if he has voluntarily accepted the benefits of a judgment, he cannot afterward prosecute an appeal therefrom. That is the general rule which appears to be universally recognized. It was announced by this court in the early case of *Matlow v. Cox*, 25 Tex. 578. The rule is based on the principle of estoppel. It, however, is subject to the exception that " * * * where the reversal of a judgment cannot possibly affect an appellant's right to the benefit secured under a judgment, then an appeal may be taken, * * * 2 Am.Jur., Appeal and Error, Sec. 215. Numerous authorities, approaching the exception from a slightly different angle, define it, in effect, in this language: Where an appellant accepts only that which appellee concedes, or is bound to concede, to be due him under the judgment he is not estopped to prosecute an appeal which involves only his right to a further recovery. *Embry v. Palmer*, 107 U.S. 3, 2 S.Ct. 25, 27 L.Ed. 346; *Hodges v. Smith*, 34 Tex.Civ.App. 635, 79 S.W. 328, error dismissed; *Tyler v. Shea*, 4 N.D. 377, 61

N.W. 468, 50 Am.St.Rep. 660; *Bass v. Ring,* 210 Minn. 598, 299 N.W. 679, 169 A.L.R. 980.

In the instant case where appellant prayed to have the divorce judgment set aside and to relitigate the issues of child custody and property division, we find that he brought himself within the narrow exception discussed above. Neither party may complain of the marriage dissolution since both have remarried. By the property settlement award in the decree, appellant was awarded only the personal property in his possession, clearly items necessary for his normal living. In *Haggard v. Haggard,* 550 S.W.2d 374 (Tex.Civ.App.—Dallas 1977, no writ), the court found such an award of already possessed community estate did not constitute such acquiescence in the judgment as would estop the spouse from appealing other provisions.

Appellee cites the cases of *Trader v. Trader,* 531 S.W.2d 189, 190 (Tex.Civ.App.—San Antonio 1975, writ dism'd); *Biggs v. Biggs,* 553 S.W.2d 207 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ dism'd); *Carle v. Carle,* supra; *Roye v. Roye,* supra, to support her contention that one cannot treat a judgment as both right and wrong, accept the benefits of such judgment and still appeal therefrom. It is noted that in each of these cases the complaining party made an attack on the property or financial aspects of the judgment after having voluntarily accepted the benefits of the property or money awarded by the decree. In each of these cases the courts found that the litigant, by accepting the benefits of the property division, had so altered the status quo of the parties with reference to the property that the rights of the other spouse would be prejudiced if the judgment were set aside. The case before us presents no such fact situation. Appellee's motion for summary judgment is based solely on appellant's having accepted the fruits and benefits of the divorce by remarrying. No attack is made on any other allegation in appellant's bill of review. Where appellee states no exceptions or objections to appellant's pleadings or proof regarding his bill

of review, appellee cannot complain of the insufficiency on appeal. *Champion v. Kinney,* 460 S.W.2d 173 (Tex.Civ.App.—Texarkana 1970, no writ).

Appellant met all of the prerequisites for filing a bill of review. He alleges a meritorious defense to the cause of action alleged to support the judgment, which he was prevented from making by fraud on appellee's part and that it was unmixed with any negligence of his own. *Petro-Chemical Transport, Inc. v. Carroll,* 514 S.W.2d 240, 243 (Tex.1974). He alleges the clerk of the court never sent him notice of the default judgment in accord with Rule 239a, T.R.C.P. and appellee's attorney admitted in his deposition that he never supplied the clerk with appellant's last known address in accord with said rule. Appellee has not shown in her summary judgment proof that she was entitled to judgment as to any element of appellee's bill of review as a matter of law except the dissolution of the marriage, which we hold to be moot in view of both parties' subsequent remarriages. Appellant's points of error are sustained.

Under the authority of the *Carle* case, supra, we hold that appellant is not estopped to prosecute his appeal, which involves only his right to further recovery on the issues of child custody and property division. Such portion of the divorce decree may be reviewed without disturbing the finding on the marriage dissolution. *Buckler v. Tate* and *McFarland v. Reynolds,* supra.

Accordingly, the summary judgment is set aside, and the cause of action is remanded to the trial court.