Robert F. MORGAN, M.D., Appellant,

v.

Nell R. MORGAN, Appellee.

No. 14515.

Court of Appeals of Texas, Austin.

Feb. 18, 1987.

Virginia Coop-Ullman, New Braunfels, for appellant.

John U. Hemmi, Kirk Patterson, Law Offices of John U. Hemmi, San Antonio, for appellee.

Before SHANNON, C.J., and BRADY and CARROLL, JJ.

BRADY, Justice.

This is an appeal from a final decree of divorce. Appellant, Dr. Robert F. Morgan, complains primarily that the trial court abused its discretion in its division of the parties' community property. In other points of error, appellant argues the trial court improperly denied his motion for a continuance, and further erred in refusing a trial amendment requesting reimbursement to his separate property. The remaining points of error deal with the valuation and characterization of community and separate property of these parties.

Appellee has filed a reply point urging this Court to dismiss the appeal on the ground that appellant has accepted the benefit of the judgment and is now estopped from pursuing this appeal. We agree.

Appellant challenges the trial court's property division as inequitable, asserting that appellant received assets with a negative cash value while the appellee received property worth over $210,000.00. However, according to an affidavit filed by appellee, it appears that after the trial of this cause, and pending this appeal, appellant disposed of substantial assets he received in the trial court's property division. According to his own admission in a subsequent unrelated proceeding, appellant cashed an insurance policy worth $97,-343.00 which was awarded him in the divorce decree and used the proceeds to purchase a new office. Appellant also convert-ed other insurance policies and admitted that a number of shares in the Tesoro Corporation had "disappeared."

Under Tex.Fam.Code Ann. § 3.63 (1986), the division of community property in a divorce suit is within the sound discretion of the trial court after taking all relevant property interests into consideration. *Vallone v. Vallone*, 644 S.W.2d 455, 460 (Tex.1982). This statute requires the trial

court to divide the property in a manner that the court deems "just and right." Consequently, neither party may insist upon a certain amount of the community property as a matter of right. *Mahrer v. Mahrer*, 510 S.W.2d 402, 404 (Tex.Civ.App. 1974, no writ).

■ Upon any remand of this case for a new division of property, appellant might or might not receive the same property he was previously awarded. Appellee would not be required to concede that appellant would be entitled to those insurance policies or even their cash value. Because those assets were converted or dissipated by appellant, the trial court could not comply with § 3.63, *supra*, since it would not be free to divide the community property as it deems just and right. Therefore, appellant's conversion and dissipation of assets pending appeal would clearly bring this case within the holding by the Supreme Court of Texas in *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002, 1004 (1950), wherein the court said:

> A litigant cannot treat a judgment as both right and wrong, and if he has voluntarily accepted the benefits of a judgment, he cannot afterward prosecute an appeal therefrom.

*See also Vinklarek v. Vinklarek*, 596 S.W.2d 197, 199 (Tex.Civ.App.1980, no writ); *Roye v. Roye*, 531 S.W.2d 242, 244 (Tex.Civ.App.1975, no writ).

It would be impossible for the trial court to make further orders dividing the community property here because the property awarded to appellant has been dissipated, assets converted, and money spent or reinvested by appellant. Having accepted the fruits of the decree, appellant is estopped to prosecute this appeal.

■ In a post-submission brief, appellant argues his claim for reimbursement to his separate property is unaffected by the *Carle* rule of estoppel. As authority he cites *Hilton v. Hilton*, 678 S.W.2d 645 (Tex.App.1984, no writ). We note, however, that in *Hilton* this issue was plead in appellee's first amended answer. *Id.* at 647. While the *Hilton* court holds it is unnecessary to expressly plead that the benefits bestowed on the community exceed the benefits to the separate estate, it does not do away with the need to plead this matter entirely. *Id.* at 648. Here, appellant failed to plead this issue timely, offering only a trial amendment moments before trial. Under Tex.R.Civ.P.Ann. 63 (1979), a party may only amend his pleadings within seven days of trial with leave granted by the trial court. A trial court's ruling on whether to allow a trial amendment will not be reversed absent a clear abuse of discretion. *Hardin v. Hardin*, 597 S.W.2d 347, 349 (Tex.1980). Because the opponent could be prejudiced by appellant's failure to give timely notice of this claim, we find no abuse of discretion in the trial court's decision to overrule the request for the trial amendment.

The appeal is dismissed.