TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00632-CV






Steven D. Martinez, Appellant



v.



Sally S. Martinez, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT


NO. 99-02215, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING







 Steven Martinez appeals the district court's corrected divorce decree awarding his
ex-wife, Sally Martinez, the assets belonging to the community estate. We will affirm.

 Steven and Sally married in December 1981, and had three children who were
sixteen, fifteen, and four years old when the divorce decree was signed in August 1999. The
community estate's assets totaled $12,525, including an $8,750 award from a personal-injury
lawsuit filed by Steven and Sally; the estate's debts totaled $5,375. The district court awarded
all of the estate's assets to Sally, ordered that she be solely responsible for all of the estate's debts,
and named her sole managing conservator of the children. Steven is currently incarcerated for
a felony offense, and Sally states that he is not expected to be released before the youngest child
graduates from high school.

 Steven appeals pro se and argues in his first issue that the trial court erred in failing
to grant him "the opportunity to review the appellate record" to file his appellate brief. We will
overrule Steven's first issue on appeal.

 Steven filed a declaration of his inability to pay costs and a notice of appeal. (1) The
clerk's record is on file with this Court; no reporter's record appears in the appellate record. 
Steven's filings in the trial court do not make any kind of request for the preparation of the
reporter's record, nor do they even refer to the reporter's record. The party appealing a trial
court's judgment bears the responsibility of requesting in writing that the court reporter prepare
the reporter's record. See Tex. R. App. P. 34.6(b)(1); In re Marriage of Spiegel, 6 S.W.3d 643,
646 (Tex. App.--Amarillo 1999, no pet.). Rules of procedure are readily accessible and are
intended to help clarify issues, expedite resolutions, and ensure accurate decisions. See Tex. R.
Civ. P. 1; In re Caldwell, 918 S.W.2d 9, 10 (Tex. App.--Amarillo 1995, no writ). While pro se
pleadings and briefs are to be liberally construed, pro se litigants are held to the same standards
as licensed attorneys and must comply with rules of procedure and applicable laws. See Shull v.
United Parcel Serv., 4 S.W.3d 46, 52-53 (Tex. App.--San Antonio 1999, pet. denied); White v.
Cole, 880 S.W.2d 292, 294 (Tex. App.--Beaumont 1994, writ denied). To hold otherwise would
give pro se litigants an unfair advantage over litigants represented by counsel. See Shull, 4
S.W.3d at 53. Steven did not request the preparation of the reporter's record in any form. We
overrule his first issue and will examine his second issue based on the clerk's record alone.

 Steven argues that the court's unequal distribution of the community estate is unfair
and specifically complains of the court's awarding to Sally the $8,750 proceeds from the personal-injury lawsuit.

 In a divorce action, the trial court is charged with dividing the community estate
in a just and right manner, taking into consideration the rights of each party and any children of
the marriage. See Tex. Fam. Code Ann. § 7.001 (West 1998); Murff v. Murff, 615 S.W.2d 696,
698 (Tex. 1981) (citing § 7.001's precursor statute, Tex. Fam. Code § 3.63); Morgan v. Morgan,
725 S.W.2d 485, 486-87 (Tex. App.--Austin 1987, no writ) (same). We review a trial court's
division of a community estate under an abuse of discretion standard. See Murff, 615 S.W.2d at
698; Kimsey v. Kimsey, 965 S.W.2d 690, 704 (Tex. App.--El Paso 1998, pet. denied); Morgan,
725 S.W.2d at 486. We will not reverse a trial court's division of the estate without a clear
showing that the court acted without reference to any guiding rules and principles. See Capellen
v. Capellen, 888 S.W.2d 539, 543 (Tex. App.--El Paso 1994, writ denied). Neither party may
insist on a certain amount of the community estate as a matter of right. See Morgan, 725 S.W.2d
at 487. A trial court need not make an equal division of marital property as long as the division
is equitable and justified by the circumstances. See Kimsey, 965 S.W.2d at 704. When as here
the trial court does not make findings of fact or conclusions of law pertaining to the unequal
division of property, we will presume the court considered the entire circumstances of the parties
in making the division. See id.

 Steven is imprisoned for a felony conviction and admits that he is unable to earn
an income to help support his three children between the ages of five and seventeen. While
incarcerated, Steven has no expenses such as housing, food, transportation, or clothing, although
he asserts he needs to pay for personal and legal expenses. Sally is the sole managing conservator
for the children and is charged with caring and providing for them. Steven points to no authority
indicating it is an abuse of discretion for a trial court to grant one spouse all of the proceeds from
a lawsuit or to grant one spouse all community assets when the other spouse is incarcerated. 
Steven has not shown the district court abused its discretion in granting Sally as the sole managing
conservator the community assets, as well as responsibility for the community debts.

 We overrule Steven's second issue on appeal. We affirm the district court's decree.



 
 

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed: June 29, 2000

Do Not Publish

1. Steven also complains that the district court did not rule on his affidavit of indigence. A trial
court is not required to take any action in order for a party to proceed on appeal as an indigent. 
See Tex. R. App. P. 20(f) (absent contest to affidavit of inability to pay, no hearing is held,
affidavit is deemed true, and party may proceed as indigent). 


d. 
Steven's filings in the trial court do not make any kind of request for the preparation of the
reporter's record, nor do they even refer to the reporter's record. The party appealing a trial
court's judgment bears the responsibility of requesting in writing that the court reporter prepare
the reporter's record. See Tex. R. App. P. 34.6(b)(1); In re Marriage of Spiegel, 6 S.W.3d 643,
646 (Tex. App.--Amarillo 1999, no pet.). Rules of procedure are readily accessible and are
intended to help clarify issues, expedite resolutions, and ensure accurate decisions. See Tex. R.
Civ. P. 1; In re Caldwell, 918 S.W.2d 9, 10 (Tex. App.--Amarillo 1995, no writ). While pro se
pleadings and briefs are to be liberally construed, pro se litigants are held to the same standards
as licensed attorneys and must comply with rules of procedure and applicable laws. See Shull v.
United Parcel Serv., 4 S.W.3d 46, 52-53 (Tex. App.--San Antonio 1999, pet. denied); White v.
Cole, 880 S.W.2d 292, 294 (Tex. App.--Beaumont 1994, writ denied). To hold otherwise would
give pro se litigants an unfair advantage over litigants represented by counsel. See Shull, 4
S.W.3d at 53. Steven did not request the preparation of the reporter's record in any form. We
overrule his first issue and will examine his second issue based on the clerk's record alone.

 Steven argues that the court's unequal distribution of the community estate is unfair
and specifically complains of the court's awarding to Sally the $8,750 proceeds from the personal-injury lawsuit.

 In a divorce action, the trial court is charged with dividing the community estate
in a just and right manner, taking into consideration the rights of each party and any children of
the marriage. See Tex. Fam. Code Ann. § 7.001 (West 1998); Murff v. Murff, 615 S.W.2d 696,
698 (Tex. 1981) (citing § 7.001's precursor statute, Tex. Fam. Code § 3.63); Morgan v. Morgan,
725 S.W.2d 485, 486-87 (Tex. App.--Austin 1987, no writ) (same). We