**Albert H. MAHRER, Appellant,**

v.

**Brunine G. MAHRER, Appellee.**

No. 18336.

Court of Civil Appeals of Texas, Dallas.

May 30, 1974.

Harold F. Curtis, Jr., Greenville, for appellant.

G. C. Harris, Greenville, for appellee.

GUITTARD, Justice.

This appeal involves enforceability of a promise in a divorce settlement to make periodic payments for support of the former wife after divorce. The trial court entered judgment enforcing the promise and the former husband appeals. We affirm.

Appellant recognizes that under Francis v. Francis, 412 S.W.2d 29, 33 (Tex.1967), an agreement for periodic support payments after divorce, made in connection with settlement of property rights, is not contrary to the public policy of this state against permanent alimony, but has "whatever legal force the law of contracts will give to it." He argues that the agreement here should not be enforced under contract law because it lacks consideration and is manifestly unfair under the circumstances shown.

Our review of the evidence has convinced us that this obligation is supported by consideration and cannot be denied enforcement upon the ground of unfairness. Albert and Brunine Mahrer were married in 1947 and separated in 1970. At Albert's request, Brunine sued for divorce. When the divorce suit was pending Albert wrote up and presented to Brunine a proposal concerning division of their community property and support for their four children under the age of eighteen. This proposal also contained a provision that Albert

"will pay $75.00 per week to Brunine from earnings." A formal property-settlement agreement embodying the terms thus proposed was prepared, signed by both parties, and approved by the court in the divorce decree. With respect to the monthly payments the agreement provides:

It is further agreed and understood, and a part of the consideration of this agreement, that Albert H. Mahrer will pay to the said Brunine G. Mahrer, the sum of $75.00 per week from wages and earnings until he shall reach retirement. In the event Brunine G. Mahrer should marry again, the $75.00 weekly payments to her will cease immediately, and there will be no longer any obligation on the part of Albert H. Mahrer to pay such amount. In connection with the agreement to pay the said Brunine G. Mahrer the weekly sum of $75.00, the parties hereto recognize the discrepancies of their earning capacities and state that at the date of their marriage Brunine G. Mahrer was eighteen years of age, and Albert H. Mahrer was twenty years of age. Following their marriage Albert H. Mahrer, with the assistance of Brunine G. Mahrer went through college and secured a degree in electrical engineering and a master's degree and is gainfully employed, while Brunine G. Mahrer has not had such educational opportunities and is not equipped or qualified to render any skilled services in any trade or profession.

At the time of the divorce in 1970 Albert was employed as an engineer at three hundred thirty-three dollars per week. He later lost that employment and was rehired as an hourly-paid employee at approximately one hundred seventy dollars per week. He continued the seventy-five-dollar weekly payments until a dispute arose between the parties concerning the federal income-tax deduction. He then stopped paying and subsequently brought suit in the nature of a bill of review to have the weekly support obligations declared void. Brunine counterclaimed for payments past due. After trial without a jury the court denied Albert any relief and rendered judgment for Brunine on her counterclaim.

■ Albert contends on this appeal that the agreement lacks consideration because Brunine received the bulk of the community property in the divorce settlement and that her past services in assisting him to secure his education, as recited in the agreement, cannot be regarded as consideration for his promise to make weekly payments. We reject this argument, since we find other consideration. Brunine's receipt of the larger portion of the community property is not controlling. Albert had no absolute right to one-half of the community property because the trial court had wide discretion concerning its division under Tex.Fam.Code § 3.63 (Vernon 1973), Miller v. Miller, 463 S.W.2d 477, 480 (Tex.Civ.App.—Tyler 1971, writ ref'd n. r. e.). Although Brunine's past services and the disparity in their earning capacities may not have furnished consideration for his promise of future support under the law of contracts, these circumstances might well have justified the court in awarding her a greater share of the community property than she agreed to receive in the settlement. The true consideration was that she agreed to divide the property in the manner which he requested and gave up her right to contend for a division which might have been more favorable to her. Lampkin v. Lampkin, 480 S.W.2d 35, 37 (Tex.Civ.App.—El Paso 1972, no writ). We do not undertake to balance what he received in the settlement against what she received, since such an examination of the adequacy of consideration would lead to uncertainty and unnecessary litigation and would be contrary to the established rule of contract law that the relative values of a promise and the consideration for it do not affect the sufficiency of consideration. Restatement of Contracts § 81 (1932); 1 Corbin on Contracts § 127 (1963).

Albert's further contention that consideration for the agreement failed when his earnings were reduced is rejected along with his contention that the only consideration for his support obligation was her past services. His counsel concedes that this argument is intended primarily to appeal to our sense of fairness. Under established principles, a contractual obligation cannot be avoided on the ground that it has become more burdensome than anticipated. Equitable grounds, such as fraud or mistake, must be shown. *See* Plumly v. Plumly, 210 S.W.2d 177, 179 (Tex.Civ.App.—San Antonio 1948, writ dism'd).

Affirmed.