**METROCON CONSTRUCTION COMPANY, INC., Appellant,**

v.

**GREGORY CONSTRUCTION COMPANY, INC., Appellee.**

No. 05–82–00775–CV.

Court of Appeals of Texas, Dallas.

Sept. 9, 1983.

Rehearing Denied Nov. 23, 1983.

---

**2.** In a hearing on a motion to suppress out of the presence of the jury, the appellant had admitted to this prior conviction.

Henry Stollenwerck, Dallas, for appellant.

Richard L. Howell, R. Brent Cooper, Cowles, Sorrells, Patterson & Thompson, Dallas, for appellee.

Before AKIN, SPARLING and GUILLOT, JJ.

AKIN, Justice.

Metrocon sued Gregory alleging negligence and breach of contract. The jury found against Metrocon on its allegations of negligence, but no issues were submitted on the cause of action for breach of contract. The trial court rendered judgment based on a finding of no negligence on Gregory. Metrocon appeals contending that it proved that a contract existed between the parties and that the contract had been breached. Gregory responds by contending that the contract introduced had been modified and that it was the duty of Metrocon to submit issues which established the terms of the modified contract. By failing to submit special issues on this matter, Gregory's argument continues, Metrocon waived its cause of action for breach of contract. We cannot agree with Gregory because a modification of the contract is an affirmative defense upon which Gregory had the burden to secure jury findings on the terms of a modified contract. Because Gregory failed to submit any issues, it waived its affirmative defense. Thus, the contract introduced by Metrocon stands as the agreement between the parties. Since Metrocon proved that the contract had been breached,

it was entitled to judgment. Accordingly, we reverse the judgment of the trial court and render judgment for Metrocon.

Metrocon was a general contractor for the construction of a shopping center and engaged Gregory as a subcontractor to do the masonry wall construction. According to the contract, Metrocon was to pay Gregory $203,000 for the masonry work specified in the contract between Metrocon and the owner. This dispute arose when several walls which Gregory erected were blown down by high winds. So as to avoid delay in rebuilding the walls, Metrocon paid Gregory an additional $41,000. Metrocon filed suit alleging that it had contracted for $203,000 but had to pay $244,000 and that the walls collapsed due to Gregory's negligence in failing to properly brace the walls. No reason is shown in the record as to why this sum was paid, but we were advised at oral argument that Metrocon had insurance, which paid the loss, so as to avoid delay, with the understanding that the matter would be litigated later. Metrocon alleged and proved that Gregory unconditionally agreed to do the work in question for $203,-000 and that after the walls collapsed demanded an additional $41,000 to rebuild the walls, thus breaching the contract. Gregory answered Metrocon's allegations of breach of contract with a general denial and the following affirmative pleading:

Defendant, still urging and relying on matters alleged above, further alleges by way of affirmative defense as to any breach of contract which may be urged hereunder that variations, if any, between any agreement and/or contract between Plaintiff and Defendant and work performed by Defendant were brought to the attention of the Plaintiff and were thus waived and any such acts of the Defendant in the performance of such contract were ratified and accepted by the consent and agreement of the Plaintiff.

The evidence contained in the record is unclear as to what negotiations occurred and what agreements were reached in reference to the $41,000 payment. In any event, no issues were submitted on whether there was a modification of the contract or what the terms of that modification were. Thus, the question presented is whether Metrocon, by overpaying Gregory by $41,000, is entitled to recover that sum from Gregory. We hold that it is.

The contract between Gregory and Metrocon provides that Gregory was under contract to build the wall in question for $203,000. No provision in the contract before us excuses Gregory's performance due to a high wind, i.e. an Act of God, or provides for extra compensation in the event of a loss occasioned by such an act. Because no provision exists in the contract requiring an extra-payment because of an Act of God, we conclude that an Act of God is not a legal excuse for failure to perform. As noted in *Kolterman v. Underream Piling Co.*, 563 S.W.2d 950 at 957 (Tex.Civ.App.— San Antonio 1977, writ ref'd n.r.e.):

Where the obligation to perform is absolute, impossibility of performance occurring after the contract was made is not an excuse for nonperformance if the impossibility might have reasonably been anticipated and guarded against in the contract. This is true even though an impossibility may subsequently have occurred by virtue of an Act of God or some other circumstance over which the parties had no control. Impossibility of performance is also not an excuse if it is subsequently occasioned by the act or default of the promisor or by the acts of a third party.

See also *T.G. Shaw Oil Corp. v. Parker*, 61 S.W.2d 587, 589 (Tex.Civ.App.—Fort Worth 1933, no writ); *Northern Irr. Co. v. Dodd*, 162 S.W. 946, 947–49 (Tex.Civ.App.—Austin 1914, writ ref'd). We note first that Gregory was not prohibited from performing the contract by the Act of God. Simply because a contract is more burdensome to perform than originally anticipated does not excuse its performance. *Alamo Clay Products, Inc. v. Gunn Tile Company of San Antonio, Inc.*, 597 S.W.2d 388, 392 (Tex.Civ. App.—San Antonio 1980, writ ref'd n.r.e.); *Mahrer v. Mahrer*, 510 S.W.2d 402, 405 (Tex.Civ.App.—Dallas 1974, no writ).

Furthermore, it cannot be argued that an Act of God was not in the contemplation of the parties when the contract was executed because the contract contained a provision concerning Metrocon's liability to Gregory for delays occasioned by Acts of God. Additionally, Article 13 of the contract states that Gregory should insure "his own risk in and about the building site." "Risk" is defined by Black's Law Dictionary as "the danger or hazard of a loss of the property insured." Thus, the contracting parties agreed that Gregory was the party who should insure against a possible casualty loss. Under this provision, we conclude that a loss occasioned by an Act of God was within the contemplation of the parties at the time of contracting and that risk was placed upon Gregory. If Gregory had wished to provide that its performance would be excused in the event of a loss due to an Act of God, it could have included a provision in the contract to that effect. Instead, Gregory chose to assume an absolute obligation to perform and should not now be heard to complain that its performance was rendered more burdensome due to an Act of God.

We turn now to the final question of who has the burden to plead, prove, and secure a finding on the terms of a modified contract. As noted previously, evidence was introduced that Metrocon did in fact pay Gregory an additional $41,000. However, the evidence is unclear as to what modifications, if any, were made. At most, the evidence presented a fact question for the jury and did not conclusively prove the existence of a modification. The contract did contain specific provisions for modification which are in the general conditions of the contract for construction between the owner of the property for which the shopping center was being built and Metrocon. These general conditions also contained a provision concerning "claims for additional costs". These conditions were incorporated by reference into the contract between Metrocon and Gregory. These general conditions state that any modification or agreement for additional costs must be in writing. The evidence is clear, however, that no written modification or agreement for additional costs in writing was executed or even agreed upon.

■ We hold that a modification of the contract, in the context of this case, is a matter of confession and avoidance, i.e. an affirmative defense. Gregory by its pleading confessed the validity of the contract as alleged by Metrocon, but attempted to avoid the effect of that contract by alleging modification of the contract, upon which it had the burden of proof. *Century Papers, Inc. v. Perrino,* 551 S.W.2d 507, 509 (Tex. Civ.App.—Texarkana 1977, writ ref'd n.r. e.); *Reeves v. Hall,* 437 S.W.2d 424, 427 (Tex.Civ.App.—Austin 1969, no writ); *American Brake Shoe Co. v. B.F. Coombs,* 418 S.W.2d 841, 845–46 (Tex.Civ.App.—Corpus Christi 1967, writ ref'd n.r.e.); *Stowers v. Harper,* 376 S.W.2d 34, 39 (Tex.Civ.App. —Tyler 1964, writ ref'd n.r.e.). Since the burden was on Gregory to secure a finding on the modification, it waived its affirmative defense when it failed to submit issues to support its affirmative defense. TEX.R. CIV.P. 279. Because Gregory failed to so do, we can only enforce the written contract between the parties by reversing the judgment of the trial court and rendering judgment for Metrocon for $41,000.

The cases cited by Gregory for the proposition that the burden was on Metrocon to secure findings on the terms of the modified contract are not on point because each concerned a rebuttal denial rather than an affirmative defense. In *Moore v. Bolton,* 480 S.W. 805 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.), the plaintiff Bolton, an architect, alleged that a letter sent to the defendant Moore encompassed the agreement between the parties. The letter concerned Bolton's agreement with Moore to design a house. Moore contended that the agreement was conditioned on Bolton's ability to design a house per Moore's specifications which cost less than $75,000 to build. This condition was not expressed in the letter. The jury found that the letter fully encompassed the terms of the parties' contract. On appeal Moore asserted that the trial court erred in failing to

submit an issue inquiring whether the contract did have a price limitation. The Court of Civil Appeals held that the requested issue was merely a shade or phase of the submitted issue and stated: "The burden was upon plaintiff to show that the entire agreement was encompassed within the letter and that no condition or limitation existed outside of that instrument. This burden was carried and the jury responded affirmatively." *Id.* at 809. *Bolton* is unlike the instant case because the condition alleged by Moore would have prevented the contract alleged by Bolton from being effective as though it had never been made and was, thus, a rebuttal denial. In the instant case, Gregory did not deny that the contract had been made as alleged by Metrocon, but rather tried to avoid it by alleging a subsequent modification.

The other case by which Gregory sought to place on Metrocon the burden on the modification issue is *Warren Brothers Co. v. A.A.A. Pipe Cleaning Co.,* 529 S.W.2d 779 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.). In *A.A.A. Pipe Cleaning,* plaintiffs alleged Warren Brothers had failed to pay for certain work performed under a written contract. The trial court rendered judgment for A.A.A. Warren Brothers admitted during trial that it was a party to the contract alleged by A.A.A. However, Warren Brothers appealed contending that the trial court erred in refusing to admit testimony that the work done was not performed pursuant to the contract alleged. The trial court excluded this evidence because it believed that the testimony went to a matter of confession and avoidance and that it was unsupported by an affirmative pleading on Warren Brothers' part. The Court of Civil Appeals agreed that the exclusion of the evidence was error and held that the evidence was admissible in rebuttal at A.A.A.'s allegations. This evidence was rebuttal evidence because it rebutted A.A.A.'s allegation that the work in question was covered by the contract alleged. That case is unlike the present case because Gregory does not deny that the building of the walls was covered by its original contract with Metrocon, but

asserts the affirmative defense of modification.

Reversed and rendered.

GUILLOT, Justice, concurring.

I concur in the result but would hold that section thirteen of the contract governs this dispute. Because Gregory agreed to carry insurance against such a hazard, Gregory should bear the cost of rebuilding the wall.

ON MOTION FOR REHEARING

AKIN, Justice.

Gregory argues on rehearing that our original opinion improperly places the burden of proof with respect to the issue of modification of the contract. According to Gregory, modification in the context of this case is a rebuttal denial, with the burden of proof on the plaintiff to prove not only the terms of the contract, but also the terms of the modification alleged by Gregory. We adhere to our original opinion that the burden of proof was properly upon Gregory because modification is an affirmative defense.

By an affirmative defense a defendant, rather than denying the existence of the plaintiff's allegations, attempts to avoid the plaintiff's allegations by proving a new, independent fact. Modification is such a defense. The defendant does not deny the term of the contract alleged by the plaintiff nor that he entered into that contract with the plaintiff. Neither, does he refute the factual allegations which the plaintiff contends to be a breach of that contract. Instead, the defendant attempts to avoid the plaintiff's averment by proving facts which fall outside those averments. Consequently, the defendant must plead and prove that he made an offer and that the plaintiff accepted a new contract which supplanted the prior contract. Thus, by definition the new contract upon which the defendant relied is an affirmative defense rather than a rebuttal denial.

The definition of an affirmative defense applies to the present case. Gregory did not deny that it entered into a binding

contract with plaintiff and did not deny that the contract covered the building of the wall which was the subject of the suit. Indeed, the defendant did not deny the payment of an additional $41,000 by Metrocon to do work covered by the original contract. Instead, Gregory sought to avoid the legal consequences of the factual allegations of Metrocon by showing a new and independent fact, which was a modification of the original contract by creating a new relationship between the parties with respect to the wall in question.

We perceive of no reason why it is unreasonable to place the burden of proof of modification on a defendant. Since the defendant relies on this new and independent fact as his defense, the burden should be upon him to adduce evidence that the modification occurred so as to convince the fact trier. Furthermore, the defendant should be placed under the concomitant duty of pleading this new and independent fact, so that the plaintiff will be apprised that he must rebut a fact beyond the allegations of the pleadings.

Apart from the notice problem, a number of other reasons exist as to why it would be unreasonable to place the burden of proving a modification on a party who does not rely upon that modification for recovery. To place that burden of proof on the plaintiff in this case would be to place a negative burden upon the plaintiff. In essence, Gregory would require Metrocon to prove that the contract had *not* been modified, but Gregory would apply a different rule when a contract had been discharged by means of rescission or payment. Although Gregory acknowledges that rescission is an affirmative defense, he attempts to place modification in a different category. In this respect, in the context of this case, modification and rescission are similar because under each theory the legal duties established by the prior contract are terminated. However, with respect to a modification, an additional step exists which creates new legal relationships between the parties. Yet in both situations, the party seeking to avoid the prior contract is doing so by alleging a fact new and independent of the plaintiff's allegation.

Gregory, in support of its contention that modification is a rebuttal denial, cites *Mar-Lan Indus., Inc. v. Nelson,* 635 S.W.2d 853 (Tex.App.—El Paso 1982, no writ). *Mar-Lan* concerned whether evidence of a modification of a contract could be introduced under a general denial and held that evidence could be introduced without the support of specific pleadings. We disagree with the implication of *Mar-Lan* that modification is simply a rebuttal denial. We note that the court in *Mar-Lan* did not have the question before it clearly presented in terms of affirmative defenses and rebuttal denials. The lack of clarity of the issue may have led the Mar-Lan court into error. In any event, in *Mar-Lan* as here, modification was an affirmative defense. Accordingly we specifically disagree with the holding of *Mar-Lan* and decline to follow it.

The motion for rehearing is overruled.