Opinion filed March 9, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed March 9, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-04-00271-CV 

                                                     __________

 

                                         STAN
DEDMON, Appellant

 

                                                             V.

 

                                       GORDON
G. GRAY, Appellee

 



 

                                        On
Appeal from the 132nd District Court

 

                                                          Scurry
County, Texas

 

                                                   Trial
Court Cause No. 21,748

 



 

                                             M
E M O R A N D U M   O P I N I O N

 

This appeal arises from a bench trial in a suit to
collect on a guaranty agreement.  Central
Utilities Production Corporation (Central Utilities Production) entered into an
agreement to purchase oil and gas properties from Gordon G. Gray for a total
price of $135,000.  Central Utilities
Production made a down payment of $10,000 and executed a promissory note in
favor of Gray in the amount of $125,000. 
Central Utilities Production=s
president Stan Dedmon executed a guaranty agreement in connection with the
$125,000 promissory note.  








The guaranty agreement contained the following provisions with
respect to Dedmon=s
personal guaranty for the promissory note:

1.00     Unconditional Guarantee.  I, absolutely and unconditionally, guarantee
to you the payment and performance of Central Utilities Production
Corporation=s obligations
under the Assignment and Bill of Sale, including all renewals,
extensions, refinancing and modifications of the Promissory Note and Deed of
Trust, Mortgage, Security Agreement, Assignment of Production and Financing
Statement dated July 1, 2001.

 

2.00     Guarantee of Payment and Performance.  This is a primary, irrevocable, and
unconditional guarantee of payment and performance and not of collection and
shall be independent of Central Utilities Production Corporation=s obligations under the Promissory
Note and Deed of Trust, Mortgage, Security Agreement, Assignment of Production
and Financing Statement.

 

4.00     Guaranty Includes Modifications and Extensions.  This guaranty shall remain in effect
regardless of any modification or extension of the Promissory Note and Deed of
Trust, Mortgage, Security Agreement, Assignment of Production and Financing
Statement.

 

(emphasis in original)

Gray filed the underlying action against Dedmon to
collect on the guaranty agreement.  Gray
alleged that Central Utilities Production 
had defaulted on the payment of the promissory note and that the entire
principal balance of $125,000 remained due on the note.  Dedmon filed a general denial in the
collection suit.[1]  Sitting as the fact-finder, the trial court
entered judgment against Dedmon in the amount of $125,000, plus interest, court
costs, and attorney=s
fees.  Dedmon attacks the trial court=s judgment in a single issue.  We affirm.

                                                              Standard
of Review








The record reflects that no findings of fact or
conclusions of law were requested or filed. 
Therefore, it is implied that the trial court made all the findings
necessary to support the judgment.  Worford
v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990).  In determining whether some evidence supports
the judgment and the implied findings of fact, it is proper to consider only
the evidence most favorable to the issue and to disregard entirely that
evidence which is opposed to it or contradictory in its nature.  Id. 
The judgment must be affirmed if it can be upheld on any legal theory
that finds support in the evidence.  Id.

                                                            Guaranty
Agreements

A guaranty creates a secondary obligation whereby
the guarantor promises to answer for the debt of another, and a creditor may
call upon the guarantor to perform once the primary obligor has failed to
perform. Republic Nat=l
Bank v. Northwest Nat=l
Bank of Fort Worth, 578 S.W.2d 109, 114 (Tex. 1978).  To recover on a note through a guaranty, the
plaintiff must show (1) the existence of the note and guaranty; (2) the debtor
signed the guaranty; (3) the plaintiff legally owned or held the guaranty; and
(4) that a certain balance remains due and owing.  First Gibraltar Bank, FSB v. Farley,
895 S.W.2d 425, 427 (Tex. App.CSan
Antonio 1995, writ denied).

                                                                        Analysis

Dedmon characterizes his sole issue on appeal as
follows:  AThe
court committed erred [sic] in finding the appellant was in default of the
guaranty agreement.@  It appears that Dedmon is arguing that the
trial court erred by not finding that his liability under the guaranty
agreement was extinguished as a result of a document executed by Gray in
Central Utilities Production=s
Chapter 11 bankruptcy proceedings. 
Dedmon is essentially arguing that the promissory note which underlies
the guaranty agreement was modified.








Modification and novation are contractual defenses
which must be affirmatively pleaded.[2]  See Tex.
R. Civ. P. 94; Honeycutt v. Billingsley, 992 S.W.2d 570, 576‑77
(Tex. App.CHouston
[1st Dist.] 1999, pet. denied)(novation); Metrocon Const. Co. v. Gregory
Const. Co., 663 S.W.2d 460, 463 (Tex. App.CDallas
1983, writ ref=d
n.r.e.)(modification).  Dedmon did not
plead any defensive theories as affirmative defenses.  A party asserting an affirmative defense
bears the burden of pleading and proving its elements.  See Welch v. Hrabar, 110 S.W.3d 601,
606 (Tex. App.C Houston
[14th Dist.] 2003, pet. denied).  If an
affirmative defense is not pleaded or tried by consent, it is waived.[3]  RE/MAX of Texas, Inc. v. Katar Corp.,
961 S.W.2d 324, 327-28 (Tex. App.CHouston
[1st Dist.] 1997, pet. denied). 
Accordingly, Dedmon waived the affirmative defenses of modification,
novation, and material alteration. 
Furthermore, the guaranty agreement specifically provided that it remained
enforceable even if the promissory note was subsequently modified.  This consent provision precluded Dedmon from
asserting the defense of material alteration. 
See FDIC v. Attayi, 745 S.W.2d 939, 944 (Tex. App.CHouston [1st Dist.] 1988, no writ).

Gray testified that the principal indebtedness of
$125,000 remained due and owing on the promissory note at the time of
trial.  Gray further testified that he
received $10,000 from the agreement executed in connection with Central
Utilities Production=s
bankruptcy.  The agreement provided that
payments received pursuant to it were to be applied by Gray first to his costs
of collection and attorney=s
fees, then to accrued and unpaid interest, and finally to principal.  Gray testified that the attorney=s fees he incurred in the bankruptcy
proceeding amounted to approximately $10,000. 
Accordingly, the evidence supported the trial court=s implied finding that the promissory
note remained unpaid.  Dedmon=s sole appellate issue is overruled.

                                                               This
Court=s Ruling

The judgment of the trial court is affirmed.

 

TERRY McCALL

JUSTICE

 

March 9, 2006

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.











[1]Dedmon additionally filed a counterclaim against Gray
seeking to set aside the original transaction. 
Gray filed a plea in abatement wherein he argued that Dedmon lacked
capacity to assert the counterclaim in his individual capacity.  The trial court initially granted Gray=s plea in abatement at trial.  The trial court ultimately denied the
counterclaim at the conclusion of the trial. Dedmon does not challenge the
trial court=s rulings on the counterclaim.  





[2]Material alteration is recognized as an affirmative
defense in suits to enforce guaranty agreements.  See Austin Hardwoods, Inc. v. Vanden
Berghe, 917 S.W.2d 320, 325-26 (Tex. App.CEl Paso
1995, writ denied).





[3]The record does not reflect that the matters of
novation or modification were tried by consent. 
The trial court sustained Gray=s
objection to the admission of the bankruptcy agreement to the extent Dedmon
sought to establish a novation of the original promissory note.