**Affirmed in part, Dismissed in part, and Majority and Concurring Opinions filed March 19, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-17-00981-CV

---

### JERRY SANCHEZ, TIMOTHY WILIAMS, AND JOSE ESTRADA, Appellants

### V.

### JAMES DANIEL BOONE, Appellee

---

**On Appeal from the 412th District Court
Brazoria County, Texas
Trial Court Cause No. 91722-1**

---

## CONCURRING OPINION

I concur in the court's judgment but write separately to expand on my reasoning for doing so.

Appellants challenge the denial of their plea to the jurisdiction on essentially three grounds. Their first and second arguments apply to the "handmade items," which are the dog tag and the ring. First, the officers contend Boone has alleged

no facts and presented no evidence that the officers committed theft as to the handmade items. Second, the officers say Boone's theft claim should be dismissed under the doctrine of "*de minimus non curiat lex*"—the law cares not for small things.[1] Third, the officers argue that they conclusively established their entitlement to official immunity as to all items allegedly confiscated and not returned.

I agree with the majority that we lack interlocutory appellate jurisdiction over the officers' first two arguments under Texas Civil Practice and Remedies Code section 51.014(a)(5).[2] I begin with a preliminary observation regarding whether our appellate jurisdiction is invoked under section 51.014(a)(5) (applicable to assertions of immunity by officers or employees) as opposed to section 51.014(a)(8) (applicable to orders granting or denying pleas to the jurisdiction by governmental units). The officers' notice of appeal cites section 51.014(a)(8) as the basis for appeal and states that "this is an appeal of a trial court's partial denial of a plea to the jurisdiction by a governmental unit." Section 51.014(a)(8) is not a proper basis for interlocutory appellate jurisdiction in this case. To the extent the officers were sued in their official capacities, such claims are considered to be asserted against their governmental unit employer;[3] however, the trial court granted the officers' plea as to any such claims and neither party complains of that ruling. The officers' only arguments on appeal pertain to the

---

[1] *See Smith v. Stevens*, 822 S.W.2d 152, 152 (Tex. App.—Houston [1st Dist.] 1991, writ denied).

[2] Tex. Civ. Prac. & Rem. Code § 51.014(a)(5). Because section 51.014 is a narrow exception to the general rule that only final judgments and orders are appealable, we strictly construe it. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex. 2001).

[3] *See, e.g.*, *Univ. of Tex. Med. Branch v. Hohman*, 6 S.W.3d 767, 777 (Tex. App.—Houston [1st Dist.] 1999, pet. dism'd w.o.j.).

2

claims asserted against them in their individual capacities. Thus, I construe the notice of appeal as one seeking review under section 51.014(a)(5) only.

Under section 51.014(a)(5), a "person" may appeal from an interlocutory order of a district court denying "a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state." Tex. Civ. Prac. & Rem. Code § 51.014(a)(5).[4] "Immunity" as used in this section refers to "official immunity." *See City of Houston v. Kilburn*, 849 S.W.2d 810, 812 n.1 (Tex. 1993). Official immunity is a common law affirmative defense rendering individual officials immune from both liability and suit. *See Ballantyne v. Champion Builders, Inc*., 144 S.W.3d 417, 422 (Tex. 2004); *DeWitt v. Harris County*, 904 S.W.2d 650, 653 (Tex. 1995); *Kassen v. Hatley*, 887 S.W.2d 4, 8-9 (Tex. 1994). Because official immunity is an affirmative defense, the party asserting it must plead and prove all of its elements. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994). Government employees are entitled to official immunity from suit arising from the performance of their (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority. *Id*.

Several courts of appeals, including ours, have held that section 51.014(a)(5) does not confer interlocutory appellate jurisdiction over arguments that are not based on "assertions of immunity." *See Baylor Coll. of Med. v. Hernandez*, 208 S.W.3d 4, 11 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (court of appeals lacked interlocutory jurisdiction under section 51.014(a)(5) because

---

[4] Although section 51.014(a)(5) specifically references a "motion for summary judgment," the Supreme Court of Texas has held that an appeal may be taken from orders denying "assertions of immunity" regardless of the procedural vehicle used. *Austin State Hosp. v. Graham*, 347 S.W.3d 298, 301 (Tex. 2011). That the officers appeal from the denial of a plea to the jurisdiction thus does not preclude our jurisdiction so long as, and to the extent that, the plea was based on an assertion of immunity.

employees' motion not based on assertion of official immunity); *Dallas County v. Gonzales*, 183 S.W.3d 94, 114 (Tex. App.—Dallas 2006, pet. denied) (holding no appellate jurisdiction under section 51.014(a)(5) because appellant's argument did not assert his actions were discretionary, made in good faith, and within the scope of his authority); *Baylor Coll. of Med. v. Tate*, 77 S.W.3d 467, 470-71 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *see also Tumlinson v. Barnes*, No. 03-15-00642-CV, 2017 WL 1832488, at *2 (Tex. App.—Austin May 5, 2017, no pet.) (mem. op.) (interlocutory appellate jurisdiction existed under section 51.014(a)(5) only to the extent the order denied an assertion of immunity raised in plea to jurisdiction). Thus, our jurisdiction over the order denying the officers' plea is limited only to the portions of the plea based on immunity.[5]

---

[5] As noted by the majority, the Supreme Court of Texas recently considered the scope of interlocutory appellate jurisdiction under section 51.014(a)(6), which permits interlocutory appeal from "an . . . order . . . that . . . denies a motion for summary judgment that is based in whole or in part upon a claim against or defense by" a member of the media or a person quoted, arising under constitutional free speech and press guarantees or Texas libel statutes. *See Dallas Symphony Ass'n, Inc. v. Reyes*, No. 17-0835, 2019 WL 1090771 (Tex. Mar. 8, 2019). The court held that section 51.014(a)(6) allows a summary judgment movant to appeal an order denying its motion as to all grounds raised in the motion so long as those grounds included the issues stated in section 51.014(a)(6). *Id*. at *4-5. The court rejected the respondent's argument that the scope of interlocutory jurisdiction was limited to the portion of the order denying summary judgment on claims or defenses arising under constitutional free speech and press guarantees or Texas libel statutes. *Id*. The present appeal, however, is based on section 51.014(a)(5), not section 51.014(a)(6). The former's language differs from the latter's in that appeals under section 51.014(a)(5) involve an "interlocutory order . . . that denies a motion for summary judgment *based on* an assertion of immunity . . . ." Tex. Civ. Prac. & Rem. Code § 51.014(a)(5) (emphasis added). The cases cited above, and others, have interpreted section 51.014(a)(5) not to extend to issues other than those specified, *i.e.*, an officer's assertion of immunity. In *Dallas Symphony*, the court noted the difference in language between sections 51.014(a)(5) and 51.014(a)(6), but it also expressly declined to opine whether courts' limited interpretation of section 51.014(a)(5) was incorrect. *Dallas Symphony*, 2019 WL 1090771, at *5. As neither *Dallas Symphony* nor any other Texas Supreme Court decision has disapproved our holding in *Baylor College of Medicine v. Hernandez*, we are bound to adhere to this court's precedent. *See, e.g.*, *Lopez v. State*, 478 S.W.3d 936, 943 (Tex. App.—Houston [14th Dist.] 2015, pet. denied); *Univ. of Tex. Health Sci. Ctr. v. Crowder*, 349 S.W.3d 640, 644 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *Kiffe v. State*, 361 S.W.3d 104, 116 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (Jennings, J., concurring).

In fundamental character, the officers' first argument is not an assertion of an official immunity affirmative defense; it is an attack on one or more required elements of Boone's case-in-chief.[6] According to the officers, the handmade items either did not exist or were not taken from Boone's cell. They contend no evidence exists that "those items were in Boone's possession at the time of the cell search." As the officers state in their brief, because Boone lacks evidence of at least one element of his theft claim the court need not reach the official immunity issue at all, and the officers were not tasked with proving the affirmative defense. Thus, addressing the officers' first argument, they acknowledge, does not require that we reach the official immunity issue. Accordingly, the officers' first point is not an "assertion of immunity," and we lack interlocutory appellate jurisdiction under section 51.014(a)(5) to address it. *See Hernandez*, 208 S.W.3d at 11.

The officers' second argument appears to be a merits-based affirmative defense that the value of the allegedly stolen handmade items is simply too small to justify legal relief. It too is not grounded in immunity. The officers cite no authority holding that the *de minimus non curiat lex* doctrine constitutes an assertion of immunity. Courts that have applied the doctrine, like *Smith v. Stevens*[7] cited by the officers, did so in the context of chapter 13 or chapter 14 dismissals of

---

[6] The very nature of an affirmative defense assumes the plaintiff's allegations are true as to a cause of action. *See LaGloria Oil & Gas Co. v. Carboline Co.*, 84 S.W.3d 228, 232 n.3 (Tex. App.—Tyler 2001, pet. denied) ("By definition, an affirmative defense . . . assumes that the allegations in the plaintiff's petition are true."); *RRR Farms, Ltd. v. Am. Horse Prot. Ass'n*, 957 S.W.2d 121, 129-30 (Tex. App.—Houston [14th Dist.] 1997, pet. denied); *Metrocon Constr. Co., Inc. v. Gregory Constr. Co.*, 663 S.W.2d 460, 463 (Tex. App.—Dallas 1983, writ ref'd n.r.e.) (affirmative defense assumes the truth of the plaintiff's allegations, but avoids liability based on other facts the defendant must prove). The officers' first argument does not assume Boone's theft allegations are true; it contends the allegations are false or unsupported by evidence.

[7] 822 S.W.2d at 152.

pauper suits or inmate litigation.[8] The officials in *Smith* did not rely on the doctrine to establish immunity nor did the court discuss the doctrine as preserving official immunity. *See Smith*, 822 S.W.2d at 152.[9] In sum, I agree that we lack interlocutory appellate jurisdiction to address the officers' first two arguments.[10]

We do, however, possess jurisdiction over the portion of the officers' appellate argument challenging the trial court's denial of their plea to the jurisdiction that requested judgment based on official immunity. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(5). Whether the officers established the good faith element of the official immunity defense is the critical issue for our purposes. To establish good faith, the officers were required to show that a reasonably prudent officer, under the same or similar circumstances, could have believed that the conduct was justified based on the information the officers possessed when the conduct occurred. *See Ballantyne*, 144 S.W.3d at 426; *Telthorster v. Tennell*, 92 S.W.3d 457, 461 (Tex. 2002); *City of Lancaster*, 883 S.W.2d at 656-57.

The Ninth Court of Appeals considered a theft claim comparable to Boone's in *Turner v. Fox*. There, Christopher Turner, an inmate, sued Vera Fox, a correctional officer, claiming that Fox's confiscation of Turner's boots constituted

---

[8] *See* Tex. Civ. Prac. & Rem. Code §§ 13.001 *et seq.*; 14.001 *et seq.*

[9] In *Smith*, an inmate sued a prison official in his individual capacity for $3.55 in damages based on allegations that the official took the inmate's coffee and cigarettes. *See Smith*, 822 S.W.2d at 152. The trial court dismissed the suit under chapter 13 and the court of appeals affirmed, holding "any error is harmless because the amount of actual damages is insignificant." *Id.*

[10] Nothing about our conclusion on appellate jurisdiction prevents the officers from advancing their arguments in the trial court through available procedural mechanisms, such as no-evidence or traditional motions for summary judgment or motions to dismiss under Texas Civil Practice and Remedies Code chapters 13 or 14. *See, e.g.*, *Turner v. Fox*, No. 09-12-00541-CV, 2013 WL 5775771, at *1-2 (Tex. App.—Beaumont Oct. 24, 2013, pet. denied) (mem. op.) (officer moved for summary judgment on grounds that inmate could not prove elements of theft claim).

theft under Texas Civil Practice and Remedies Code section 134.003. *Turner*, 2013 WL 5775771, at *1. Like Boone, Turner pursued the applicable internal grievance process, which was denied due to Turner's "questionable ownership" of the boots. *Id.* Fox filed a motion for summary judgment asserting two arguments: (1) Turner had no evidence that Fox confiscated the boots unlawfully; and (2) Fox was entitled to official immunity because she acted within the scope of her authority, performed discretionary duties, and had a good faith belief that the confiscated boots had questionable ownership. *Id.* The trial court granted Fox's motion and dismissed the claims. The court of appeals affirmed the judgment, reasoning on the immunity issue that Fox proved she acted in good faith based on the information she had at the time she confiscated the boots. *Id.* at *2-3. Fox presented evidence that ownership of the boots was questionable because they were not Turner's size, and Turner presented no credible evidence of ownership. *Id.* During the grievance process, two other officers conducted independent investigations and also concluded that Turner presented insufficient evidence of ownership. *Id.* at *3. Thus, the court held that Turner showed that a reasonably prudent officer could have believed that her conduct in confiscating the boots was justified based on the information Fox possessed when her conduct occurred. *See id.* Because Turner did not meet his burden to show that no reasonable officer similarly situated and possessing the same information could have believed the facts were such that they justified the conduct, summary judgment on official immunity grounds was proper. *See id.*

Boone's Texas Theft Act liability claims against the officers in their individual capacities potentially state a claim under Texas law.[11] *See Minix v. Gonzales*, 162 S.W.3d 635, 639 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

[11] Boone's allegations as to his dog tag, however, implicate only Sergeant Estrada and not the other officers.

"A person who commits theft is civilly liable under the Act 'for the damages resulting from the theft.'" *Beaumont v. Basham*, 205 S.W.3d 608, 618 (Tex. App.—Waco 2006, pet. denied) (quoting Tex. Civ. Prac. & Rem. Code § 134.003(a)). A person commits the offense of theft if "he unlawfully appropriates property with intent to deprive the owner of property." Tex. Penal Code § 31.03(a).

Official immunity being an affirmative defense, the officers were obligated to establish all of its elements. *Brown & Gay Eng'g, Inc. v. Olivares*, 461 S.W.3d 117, 128 (Tex. 2015). I concur with the majority that the officers conclusively established their entitlement to official immunity with respect to the typewriter, and that the trial court's order denying their plea as to the alleged theft of that item was error. The record shows conclusively, including by Boone's admission, that he used the typewriter to conceal contraband, which was the reason the typewriter was confiscated and not returned. According to Boone's allegations, he intentionally used the typewriter to hide SIM cards and showed the officers where they were hidden. When asked where the cell phones were located, Boone insisted he did not know, but if he did know he could not say because it "would put [his] life in danger." Possession of contraband is a violation of Texas Department of Criminal Justice rules.[12] This record demonstrates conclusively that reasonably prudent officers in the defendants' position could have believed that their conduct in confiscating and not returning the typewriter was justified based on the information possessed when the conduct occurred. *See Turner*, 2013 WL 5775771, at *3; *see also Kendall v. Poos*, No. 05-99-01391-CV, 2001 WL 580136, at *6 (Tex. App.—Dallas May 31, 2001, no pet.) (not designated for publication) (officer established good faith as to conversion claim for impounded vehicle);

_____

[12] With respect to persons in the custody of a correctional facility, possession of SIM cards is also a felony under Texas Penal Code section 38.11(a)(3).

8

*Dorrough v. Faircloth*, 443 S.W.3d 278, 288-89 (Tex. App.—San Antonio 2014, no pet.) (allegation of intentional torts against game warden after warden questioned plaintiffs about interfering with others' rights to fish; warden established good faith in questioning the plaintiffs and held entitled to official immunity); *Gonzales v. Kelley*, No. 01-10-00109-CV, 2010 WL 2650615, at \*6-8 (Tex. App.—Houston [1st Dist.] July 1, 2010, no pet.) (mem. op.) (officers established that repeated use of taser was in good faith in defeating assault claim); *Cloud v. McKinney*, 228 S.W.3d 326, 333 (Tex. App.—Austin 2007, no pet.) (in defamation case, court examined whether governor's former chief-of-staff made allegedly defamatory statements in good faith; court held former official was entitled to immunity); *Gidvani v. Aldrich*, 99 S.W.3d 760, 764 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (district attorney proved good faith and entitled to official immunity regarding decision to order autopsy). Boone has not presented evidence that no reasonable and similarly situated official could have believed that the conduct was justified.

As to the handmade items—the dog tag and the ring—the record is not as well developed as it is with regard to the typewriter. The plea to the jurisdiction and attachments do not offer a justification for confiscating the handmade items specifically nor do the officers assert a justification in their brief on appeal. In contrast to the circumstances in *Turner*, the officers filed no affidavits or other evidence explaining the reason why confiscating the handmade items was reasonably justified based on the information the officers possessed. It is not clear from our record whether Boone was entitled to possess the dog tag and the ring, and the officers do not argue that those items are contraband or that Boone was not otherwise entitled to possess them. The officers' good faith argument on appeal does not acknowledge those items were confiscated; they claim the handmade

items either do not exist or they never took them. They characterize Boone's complaint as alleging that the officers "lost" his handmade items, and they argue that misplacing an inmate's property "does not *per se* demonstrate a lack of good faith." The officers also contend they returned all of Boone's property or explained why they were justified in not returning any property retained. In this case's current posture, and on this record, I cannot say the trial court erred in denying the official immunity argument asserted in the plea as to the dog tag and the ring because the officers did not meet their burden to establish good faith as to those items.

The officers state that they acted in good faith in performing a search and inventory of Boone's cell and property, a proposition Boone apparently does not dispute. But Boone is not complaining of his cell search; Boone alleges theft of his handmade items under section 134.003. Assuming the officers were justified in performing the search of Boone's cell and completing an inventory, and because they seek dismissal based on the official immunity defense, they nonetheless bore the burden to prove that a reasonably prudent officer could have believed that confiscating the property at issue was justified based on the information the officers possessed when that conduct occurred. *See Turner*, 2013 WL 5775771, at *3 (examining good faith in confiscating inmate property); *Gonzales*, 2010 WL 2650615, at *6-8 (examining good faith in use of taser); *Kendall*, 2001 WL 580136, at *6 (examining good faith in decision to impound vehicle). They met this burden with respect to the typewriter but not the handmade items.

/s/     Kevin Jewell
         Justice

Panel consists of Justices Wise, Jewell, and Bourliot (Bourliot, J., majority).

10